981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Rudolph Owen CHEATHAM, Defendant-Appellant.
 No. 92-5067.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 29, 1992
Decided: December 21, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-91-12-5)
 ARGUED: Jack Benjamin Crawley, Jr., Raleigh, North Carolina, for Appellant.
 Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 ON BRIEF: Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 Affirmed.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Rudolph Owen Cheatham pled guilty to (1) conspiracy to distribute and to possess with intent to distribute cocaine and marijuana, and (2) distribution of cocaine. He now appeals the sentence imposed by the district court. We affirm.
 
 I.
 
 2
 An undercover operation by the North Carolina State Bureau of Investigation and the Raleigh Police Department led to the arrest of Cheatham, his son, Dennis, and several co-conspirators. During the course of the investigation, Cheatham made several sales of cocaine and guns to an undercover officer of the Raleigh Police Department and to a confidential informant. These sales involved some 200 grams of cocaine, as well as four rifles and four handguns. Seven of these guns had been reported stolen to the Granville County Sheriff's Department. At the time of his arrest, Cheatham was negotiating a trade of cocaine for marijuana with the undercover officer.
 
 
 3
 A federal grand jury returned an indictment charging Cheatham with one count of conspiring to possess with the intent to distribute controlled substances in violation of 21 U.S.C.s 846 and § 841(a)(1). A second count of the indictment charged Cheatham with the distribution of 197 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Cheatham pled guilty to both counts on September 9, 1991.
 
 
 4
 After his guilty plea, Cheatham's counsel sought and received a continuance of Cheatham's sentencing hearing because of a conflict with the trial of another client. After the sentencing hearing was rescheduled, Cheatham's counsel sought a second continuance so that the United States Attorney would have time to consider Cheatham's request for a downward departure based upon substantial assistance to law enforcement authorities. See U.S.S.G.s 5K1.1. Cheatham had offered to cooperate after the trial of his son was completed, but the individuals that Cheatham offered to testify against had not yet been indicted. The Assistant United States Attorney did not oppose this request, but the district court declined to grant Cheatham's request for a continuance and proceeded to sentence Cheatham.
 
 
 5
 In determining Cheatham's sentence, the district court enhanced Cheatham's offense level by two. The district court found that Cheatham had organized the drug sales at issue and that his son and other co-conspirators had acted under his direction. Based on these findings, the district court concluded that Cheatham had been a supervisor of criminal activity, thus justifying an increase of two in his offense level under U.S.S.G. § 3B1.1(c). In addition, the court made an upward departure in Cheatham's criminal history category from Category I to Category III. This departure was based on the district court's finding that Cheatham had been trafficking in stolen firearms in combination with his drug sales, a fact not reflected in his criminal history. The district court sentenced Cheatham to 121 months of confinement.
 
 
 6
 Cheatham now appeals, challenging the district court's refusal to grant a continuance, as well as the enhancement of his offense level and the upward departure in his criminal history category. We address his claims in turn.
 
 II.
 
 7
 Cheatham contends that the district court abused its discretion by not granting him a second continuance of his sentencing hearing. He argues that he was prejudiced by this denial because the government had insufficient time to decide whether to recommend that Cheatham be given a downward departure under U.S.S.G. § 5K1.1 for substantial assistance to law enforcement authorities.
 
 
 8
 We do not think that the district court abused its discretion in denying this continuance. Cheatham had already moved for one continuance, which had been granted. Moreover, the ground for granting a second continuance was uncertain because the government had not indicated its intention to file a substantial assistance motion in Cheatham's case; such a motion is, of course, discretionary with the government. Wade v. United States, 112 S. Ct. 1840 (1992). The individuals against whom the defendant might testify on behalf of the government had not even been indicted; thus a second continuance to wait for the completion of the trials of those individuals might have delayed Cheatham's sentencing for months. In any event, the government remained free to move for a reduction in Cheatham's sentence for up to a year after sentencing. Fed. R. Crim. P. 35(b). Cheatham was therefore not prejudiced by the district court's denial of his motion for a continuance.
 
 
 9
 Appellant next contends that the district court erred in finding that he was a leader of criminal activity and in enhancing his offense level by two levels. See U.S.S.G. § 3B1.1(c). According to Cheatham, this finding was clearly erroneous because other members of the conspiracy had a more substantial role in the direction of the drug trafficking. Appellant fails to mention, however, the undisputed evidence that he directed his son, Dennis, during the criminal enterprise. At various points during the investigation, Cheatham directed Dennis to retrieve drugs from the Cheatham farm, bury drugs behind the store of the confidential informant, and act as a lookout during the exchange of cocaine for marijuana. Moreover, Cheatham played the central role in arranging the drug sales that were specified in the indictment. He determined the location for the transactions and how the transactions occurred. Given these facts, we cannot conclude that the district court's application of the two level enhancement was erroneous.
 
 
 10
 Finally, appellant contends that the district court erred by departing upward from the Guideline range based on Cheatham's sale of stolen firearms to the undercover officer, a fact not included in the calculation of Cheatham's Criminal History Category. According to appellant, the sale of firearms would justify a departure to Category II, but not a two-level departure to Category III.
 
 
 11
 We disagree. The district court found that Cheatham had been involved in additional criminal activity by trafficking in stolen firearms, and that his criminal history was thus understated. See U.S.S.G. § 4A1.3, p.s. The district court further found that Cheatham's "distribution of stolen firearms to persons engaged in illegal narcotics transactions substantially endangers both officers and the community." We cannot say that the district court's findings were erroneous; the combination of stolen firearms and illegal drugs clearly posed a threat to community peace. See U.S.S.G. § 5K2.14. Under these circumstances, the district court did not act unreasonably in determining that a Criminal History Category of III was appropriate.
 
 III.
 
 12
 For the above reasons, the judgment of the district court is
 
 
 13
 AFFIRMED.