983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Augusto Humberto GOMEZ, Defendant-Appellant.
 No. 92-30198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 30, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Augusto Humberto Gomez appeals the district court's order denying his post-sentencing motion to enforce a purported oral agreement. Gomez was previously convicted, following a guilty plea, for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends that district court erred by denying his post-sentencing motion because the government refused to file a motion for sentence reduction based on his substantial assistance. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo questions of law, while we review for clear error a district court's finding of fact. United States v. Velarde-Gavarrete, 975 F.2d 672, 674 (1992). Although the district court found that any purported plea agreement was not violated, we are free to affirm on any ground fairly presented by the record. United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992).
 
 
 4
 Pursuant to U.S.S.G. § 5K1.1 and Fed.R.Crim.P. 35(b), the prosecution may move the district court to reduce a defendant's previously-imposed sentence based on his subsequent substantial assistance to the authorities in the investigation or prosecution of another person who has committed an offense. U.S.S.G. § 5K1.1; Fed.R.Crim.P. 35(b).
 
 
 5
 Generally, the district court may not review a prosecutor's refusal to file a substantial assistance motion. Wade v. United States, 112 S.Ct. 1840, 1843 (1992); United States v. Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. 14439, 14446 (9th Cir. Dec. 14, 1992). Nonetheless, the Supreme Court recently held that "a district court can review a prosecutor's refusal to file a substantial assistance motion and grant relief if the court finds that the refusal was based upon an unconstitutional motive, such as race or religion or upon due process grounds that the refusal was not rationally related to any legitimate state objective." Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. at 14446 (citing Wade, 112 S.Ct. at 1843-44). Generalized assertions of improper motive do not entitle a defendant to any relief. Wade, 112 S.Ct. at 1844.
 
 
 6
 On January 22, 1991, the district court sentenced Gomez to 110 months imprisonment for the drug offense. Approximately a year thereafter, Gomez's counsel made a series of telephone calls to the prosecutor and proffered information regarding an alleged unrelated drug delivery. The prosecutor agreed to consider moving for a sentence reduction if the information was "good" and "substantial." Subsequently, the prosecutor determined that the information was useless and did not pass it on to law enforcement officials. Following a telephone conference with the parties, the district court found that the government did not violate any purported plea agreement.
 
 
 7
 Gomez, relying on Santobello v. New York, 404 U.S. 257, 262 (1971) ("when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"), argues that failure to enforce the oral agreement would amount to a deprivation of due process under the Fifth Amendment. Gomez's reliance on Santobello is misplaced.
 
 
 8
 Because the prosecutor did not induce his plea with a promise or agreement, no due process rights are implicated. Gomez's general assertions of improper motive by the prosecutor do not entitle him to relief. See Wade, 112 S.Ct. at 1844. Accordingly, for the reasons stated, the district court did not err by denying Gomez's motion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3