9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto J. GIL, Defendant-Appellant.
 No. 92-3353.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 5, 1993.
Decided Oct. 27, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Defendant pleaded guilty to one count of possession with intent to distribute one kilogram of cocaine, and one count of possession with intent to distribute eleven kilograms of cocaine. 21 U.S.C. Sec. 841(a)(1). The district court sentenced defendant to 240 months' imprisonment on each count, to run concurrently, and a fine of $310,000. On appeal, defendant contends that the district court erred in denying his motion challenging the government's decision to seek a statutorily enhanced sentence.
 
 
 2
 Prior to the sentencing hearing, the government filed and served a notice pursuant to 21 U.S.C. Sec. 851(a)(1) that it would seek an enhanced sentence under Sec. 841(b). The notice statute permits a defendant who "denies any allegation of the information of prior conviction or claims that any conviction alleged is invalid," to file a written response, and the court shall then hold a hearing to consider the issue. 21 U.S.C. Sec. 851(c)(1). Here, defendant styled his motion as one under Sec. 851(c), but he does not challenge the validity of the prior conviction. Instead, he challenges the government's decision to seek an enhanced sentence.
 
 
 3
 The parties have not cited, nor has this court found, a reported case in which a defendant challenges the government's decision to file an information under Sec. 851(c)(1). Thus, we look to general principles regarding prosecutorial discretion. A prosecutor has broad discretion in determining when to prosecute, and what sentences to recommend, as such decisions are particularly ill-suited to judicial review. Wayte v. United States, 470 U.S. 598, 607 (1985). However, the prosecutor's discretion is limited by unconstitutional motives, e.g., "refusing to file a substantial-assistance motion, say, because of the defendant's race or religion." Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992), citing Wayte.
 
 
 4
 Defendant argues that he was being punished for leaving the country under duress. After his initial arrest in March 1990 in Chicago, defendant was released on bond, but then fled and was a fugitive until December 1991, when he was arrested in Miami. He argues that he should not suffer an increased punishment when the only reason he fled was that he was in fear for his life. Defendant offers no evidence that the prosecutor acted with an improper, unconstitutional motive.
 
 
 5
 Defendant adds the argument that he believes he was being punished for personally angering the prosecutor handling the case. Nothing in the record hints at the prosecutor's personal feelings toward defendant. See United States v. Dickerson, 975 F.2d 1245 (7th Cir.1992) (court finds no evidence that charges were brought because "prosecutor wanted to engage in self-vindication"; defendant's claim that federal agents were angered by his successful challenge to legality of the search has no support in the record), cert. denied, 113 S.Ct. 1316 (1993).
 
 
 6
 Defendant fails to come even close to making the "substantial threshold showing" of improper constitutional motive as required by the Court in Wade, 112 S.Ct. at 1844. The information provided to the district court failed to meet the requirements of Wade. We find no error in the district court's denial of defendant's motion to prohibit the government from seeking an enhanced sentence.
 
 
 7
 Accordingly, the district court's judgment is AFFIRMED.