19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Robert Todd LEINEN, Appellant.
 No. 93-2692.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 9, 1994.
Filed: March 16, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Todd Leinen appeals his 40-month sentence imposed by the District Court[1] after he pleaded guilty to transporting stolen money. We affirm.
 
 
 2
 Leinen pleaded guilty to an information charging him with transporting a fraudulently-obtained check in interstate commerce after having devised a scheme to obtain money by false pretenses, in violation of 18 U.S.C. Sec. 2314 (1988 & Supp. IV 1992). At sentencing, the District Court calculated Leinen's sentencing range as 37 to 46 months imprisonment under the United States Sentencing Commission, Guidelines Manual (Nov. 1992). The government advised the court that Leinen had provided the FBI with information concerning his fraudulent telemarketing scheme and other such operations. The government explained that it had agreed to advise the court of any cooperation Leinen might provide, and that it was not making-and had never agreed to make-a substantial-assistance motion under U.S.S.G. Sec. 5K1.1, p.s. Leinen argued that the court nevertheless should reduce his offense level because he had substantially assisted authorities. The court refused to depart downward and sentenced Leinen to 40 months imprisonment and two years supervised release; it also imposed a $5,000 fine and ordered him to pay restitution.
 
 
 3
 Leinen argues that the government's statements at sentencing regarding his cooperation with the FBI amounted to a section 5K1.1 motion to depart from the Guidelines. He argues alternatively that the government acted in bad faith by refusing to make a formal section 5K1.1 motion.
 
 
 4
 We do not construe the government's remarks at Leinen's sentencing as an "oral motion to depart." Because the government refused to file a substantial-assistance motion, the District Court correctly concluded that it could not depart based on Leinen's alleged substantial assistance. See United States v. Kelley, 956 F.2d 748, 755-57 (8th Cir. 1992) (en banc). A district court may review and grant a remedy for a prosecutor's refusal to file a substantial-assistance motion if it finds that the prosecutor's refusal was based on an unconstitutional motive, such as the defendant's race or religion. Wade v. United States, 112 S. Ct. 1840, 1843-44 (1992). Leinen's claim of "bad faith," however, does not sufficiently allege-much less tend to prove-that the government refused to file a motion in his case based on a suspect motive. See id. at 1844 (prosecutor's discretionary decision may be challenged only if defendant makes substantial threshold showing of prosecutorial discrimination or irrational conduct).
 
 
 5
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas