28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles A. HOSFELT, Defendant-Appellant.
 No. 93-4222.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1994.
 
 Before: MERRITT, Chief Circuit Judge, GUY and NORRIS, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Defendant, Charles A. Hosfelt, appeals from the sentence he received after entering a plea of guilty to manufacturing marijuana plants.
 
 
 2
 Defendant contends that the district court erred in not requiring the government to put on evidence of the quantity of marijuana to be attributed to him in connection with the sentence he received. However, that sentence, a mandatory minimum of 5 years, was the one authorized by the statute and guidelines for a person convicted of manufacturing in excess of 100 plants. In the course of his guilty plea to an indictment charging him with manufacturing in excess of 100 marijuana plants, defendant admitted in open court that he was guilty of the charge; that he grew the 349 plants found in his basement; and that he had sold marijuana on at least five occasions.
 
 
 3
 Although he did not admit to the specific quantities involved in the sales, his admissions support a sentence based upon plants in excess of 100 without reference to the relevant conduct.
 
 
 4
 Defendant next argues that the government reneged on its promise to request a downward departure in return for his substantial assistance. The plea agreement specifically declared that "whether such motion should be made lies within the discretion of the United States Attorney." Defendant says he provided substantial assistance and that the government's refusal to file the motion amounts to bad faith. Standing alone, the allegation of bad faith is an insufficient basis for review. Defendant must first make a threshold showing that the government's refusal to request the departure was the product of an unconstitutional motive, such as defendant's race or religion. Wade v. United States, 112 S.Ct. 1840 (1992). He has not done so.
 
 
 5
 For these reasons, the sentencing order is affirmed.