# WADE *v.* UNITED STATES

No. 91–5771.   Argued March 23, 1992—Decided May 18, 1992

SOUTER, J., delivered the opinion for a unanimous Court.

*J. Matthew Martin,* by appointment of the Court, 502 U. S. 1028, argued the cause for petitioner. With him on the briefs was *Eugene Gressman.*

*Robert A. Long, Jr.,* argued the cause for the United States. With him on the brief were *Solicitor General Starr, Assistant Attorney General Mueller, Deputy Solicitor General Bryson,* and *Nina Goodman.**

JUSTICE SOUTER delivered the opinion of the Court.

Section 3553(e) of Title 18 of the United States Code empowers district courts, "[u]pon motion of the Government," to impose a sentence below the statutory minimum to reflect a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense." Similarly, § 5K1.1 of the United States Sentencing Commission, Guidelines Manual (Nov. 1991) (USSG), permits

---

**Charles B. Wayne* filed a brief for the National Association of Criminal Defense Lawyers as *amicus curiae.*

district courts to go below the minimum required under the Guidelines if the Government files a "substantial assistance" motion. This case presents the question whether district courts may subject the Government's refusal to file such a motion to review for constitutional violations. We hold that they may, but that the petitioner has raised no claim to such review.

On October 30, 1989, police searched the house of the petitioner, Harold Ray Wade, Jr., discovered 978 grams of cocaine, two handguns, and more than $22,000 in cash, and arrested Wade. In the aftermath of the search, Wade gave law enforcement officials information that led them to arrest another drug dealer. In due course, a federal grand jury indicted Wade for distributing cocaine and possessing cocaine with intent to distribute it, both in violation of 21 U. S. C. § 841(a)(1); for conspiring to do these things, in violation of § 846; and for using or carrying a firearm during, and in relation to, a drug crime, in violation of 18 U. S. C. § 924(c)(1). Wade pleaded guilty to all four counts.

The presentence report put the sentencing range under the Guidelines for the drug offenses at 97 to 121 months, but added that Wade was subject to a 10-year mandatory minimum sentence, 21 U. S. C. § 841(b)(1)(B), narrowing the actual range to 120 to 121 months, see USSG § 5G1.1(c)(2). The report also stated that both USSG § 2K2.4(a) and 18 U. S. C. § 924(c) required a 5-year sentence on the gun count. At the sentencing hearing in the District Court, Wade's lawyer urged the court to impose a sentence below the 10-year minimum for the drug counts to reward Wade for his assistance to the Government. The court responded that the Government had filed no motion as contemplated in 18 U. S. C. § 3553(e) and USSG § 5K1.1 for sentencing below the minimum, and ruled that, without such a motion, a court had no power to go beneath the minimum. Wade got a sentence of 180 months in prison.

In the United States Court of Appeals for the Fourth Circuit, Wade argued the District Court was in error to say that the absence of a Government motion deprived it of authority to impose a sentence below 10 years for the drug convictions. Wade lost this argument, 936 F. 2d 169, 171 (1991), and failed as well on his back-up claim that the District Court was at least authorized to enquire into the Government's motives for filing no motion, the court saying that any such enquiry would intrude unduly upon a prosecutor's discretion, *id.*, at 172. We granted certiorari, 502 U. S. 1003 (1991), and now affirm.

The full text of 18 U. S. C. § 3553(e) is this:

"Limited Authority to Impose a Sentence Below a Statutory Minimum.—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code."

And this is the relevant portion of USSG § 5K1.1:

"*Substantial Assistance to Authorities* (Policy Statement)

"Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

Because Wade violated federal criminal statutes that carry mandatory minimum sentences, this case implicates both 18 U. S. C. § 3553(e) and USSG § 5K1.1. Wade and the Government apparently assume that where, as here, the minimum

under the Guidelines is the same as the statutory minimum and the Government has refused to file any motion at all, the two provisions pose identical and equally burdensome obstacles. See Brief for Petitioner 9, n. 2; Brief for United States 11, n. 2. We are not, therefore, called upon to decide whether § 5K1.1 "implements" and thereby supersedes § 3553(e), see *United States* v. *Ah-Kai*, 951 F. 2d 490, 493–494 (CA2 1991); *United States* v. *Keene*, 933 F. 2d 711, 713–714 (CA9 1991), or whether the two provisions pose two separate obstacles, see *United States* v. *Rodriguez-Morales*, 958 F. 2d 1441, 1443–1447 (CA8 1992).

Wade concedes, as a matter of statutory interpretation, that § 3553(e) imposes the condition of a Government motion upon the district court's authority to depart, Brief for Petitioner 9–10, and he does not argue otherwise with respect to § 5K1.1. He does not claim that the Government-motion requirement is itself unconstitutional, or that the condition is superseded in this case by any agreement on the Government's behalf to file a substantial-assistance motion, cf. *Santobello* v. *New York*, 404 U. S. 257, 262–263 (1971); *United States* v. *Conner*, 930 F. 2d 1073, 1075–1077 (CA4), cert. denied, 502 U. S. 958 (1991). Wade's position is consistent with the view, which we think is clearly correct, that in both § 3553(e) and § 5K1.1 the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.

Wade nonetheless argues, and again we agree, that a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce. Because we see no reason why courts should treat a prosecutor's refusal to file a substantial-assistance motion differently from a prosecutor's other decisions, see, *e. g., Wayte* v. *United States*, 470 U. S. 598, 608–609 (1985), we hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an uncon-

stitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.

It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive. See, *e. g., United States* v. *Redondo-Lemos,* 955 F. 2d 1296, 1302–1303 (CA9 1992); *United States* v. *Jacob,* 781 F. 2d 643, 646–647 (CA8 1986); *United States* v. *Gallegos-Curiel,* 681 F. 2d 1164, 1169 (CA9 1982) (Kennedy, J.); *United States* v. *Berrios,* 501 F. 2d 1207, 1211 (CA2 1974). Indeed, Wade concedes that a defendant has no right to discovery or an evidentiary hearing unless he makes a "substantial threshold showing." Brief for Petitioner 26.

Wade has failed to make one. He has never alleged, much less claimed to have evidence tending to show, that the Government refused to file a motion for suspect reasons such as his race or his religion. Instead, Wade argues now that the District Court thwarted his attempt to make quite different allegations on the record because it erroneously believed that no charge of impermissible motive could state a claim for relief. Hence, he now seeks an order of remand to allow him to develop a claim that the Government violated his constitutional rights by withholding a substantial-assistance motion "arbitrarily" or "in bad faith." See Brief for Petitioner 25. This, Wade says, the Government did by refusing to move because of "factors that are not rationally related to any legitimate state objective," see Reply Brief for Petitioner 4, although he does not specifically identify any such factors.

As the Government concedes, see Brief for United States 26 (citing *New Orleans* v. *Dukes,* 427 U. S. 297, 303 (1976) *(per curiam)),* Wade would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end, cf. *Chapman* v. *United States,* 500 U. S. 453, 464–465 (1991), but his argument is still of no avail.

This is so because the record shows no support for his claim of frustration in trying to plead an adequate claim, and because his claim as presented to the District Court failed to rise to the level warranting judicial enquiry. The District Court expressly invited Wade's lawyer to state for the record what evidence he would introduce to support his position if the court were to conduct a hearing on the issue. App. 10. In response, his counsel merely explained the extent of Wade's assistance to the Government. *Ibid.* This, of course, was not enough, for although a showing of assistance is a necessary condition for relief, it is not a sufficient one. The Government's decision not to move may have been based not on a failure to acknowledge or appreciate Wade's help, but simply on its rational assessment of the cost and benefit that would flow from moving. Cf. *United States* v. *Doe,* 290 U. S. App. D. C. 65, 70, 934 F. 2d 353, 358, cert. denied, 502 U. S. 896 (1991); *United States* v. *La Guardia,* 902 F. 2d 1010, 1016 (CA1 1990).

It is clear, then, that, on the present record, Wade is entitled to no relief, and that the judgment of the Court of Appeals must be

*Affirmed.*