978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATEs of America, Appellee,
v.
Jack Lynn SHAMPINE, Appellant.
 No. 92-1763.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1992.
Filed: October 30, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jack Lynn Shampine appeals the district court's[1] order denying his motion to compel the government to file a Fed. R. Crim. P. 35(b) motion to reduce his sentence for substantial assistance pursuant to the parties' plea agreement. We affirm.
 
 
 2
 Shampine and his brother, Gilbert Shampine, were jointly charged in a two-count indictment. Pursuant to a plea agreement drafted by the government, Shampine pleaded guilty to the charge of manufacturing or possessing with intent to manufacture marijuana and the conspiracy charge was dismissed. Shampine testified against Gilbert, who elected to go to trial, but Gilbert was acquitted. On January 28, 1991, Shampine was sentenced to thirty-three months imprisonment and three years supervised release.
 
 
 3
 In the plea agreement, Shampine agreed to cooperate. The government agreed to file a Rule 35(b) motion to reduce defendant's sentence "if persuaded that [defendant's cooperation] constitutes substantial assistance." At Shampine's sentencing hearing, the government informed the court that Shampine had, at that time, fulfilled his agreement to cooperate; that the matter was ongoing; and that if Shampine continued to cooperate and the government deemed his cooperation to be of substantial assistance, it would file a Rule 35(b) motion in accordance with the plea agreement. Shampine asserts that he remained willing to cooperate after sentencing, but the government made no further attempt to elicit his cooperation.
 
 
 4
 On February 4, 1992, Shampine filed the motion to compel the government to file a Rule 35(b) motion. In its response to the motion to compel, the government asserted that Shampine "had not lived up to his end of the agreement." He had not been particularly forthcoming either before or during Gilbert's trial, and, although Shampine claimed that he did not know anything about a third individual allegedly involved in the conspiracy, Gilbert informed the government after he was acquitted that Shampine "certainly would have known [the third individual] because [Shampine and the third individual] had been acquainted for a number of years and ... had lived [together] for approximately six months." The district court denied the motion because "the government's failure to act does not rise to the level of a constitutional violation."
 
 
 5
 On appeal, Shampine argues that, because he provided substantial assistance, he is entitled to specific performance of the government's contractual agreement to file a Rule 35(b) motion. The plea agreement in this case clearly left the decision of whether to file a Rule 35(b) motion to the government's discretion. When the government refuses to file a motion for a sentencing reduction based on defendant's substantial assistance-and is not obligated to do so under the terms of a plea agreement-the district court has no authority to compel the motion unless defendant makes a threshold showing that the government's refusal was based on an unconstitutional motive such as race or religion, or that the refusal was not rationally related to any legitimate government end. See United States v. Romsey, No. 91-3204, slip op. at 3 (8th Cir. Sept. 22, 1992) (quoting Wade v. United States, 112 S. Ct. 1840, 1843-44 (1992)). Shampine failed to make this threshold showing.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota