86 F.3d 1147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Pedro MONTERO, Defendant, Appellant.
 No. 95-2328.
 United States Court of Appeals, First Circuit.
 May 9, 1996.
 
 Appeal from the United States District Court for the District of Rhode Island
 Robert D. Oster and Oster & Sawyer on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Stephanie S. Browne, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Boudin, Circuit Judge, Campbell, Senior Circuit Judge, and Stahl, Circuit Judge.
 PER CURIAM.
 
 
 1
 We have carefully reviewed defendant's appellate arguments, and, finding no merit in them, we affirm the sentence imposed by the district court.
 
 
 2
 Contrary to defendant's first argument, the sentence enhancement appears entirely proper. The procedural requirements of 21 U.S.C. § 851 were satisfied, and defendant did nothing to dispute the existence or validity of his prior felony drug conviction. Although the district court expressed some initial uncertainty about the government's motion for enhancement, the court plainly was aware of defendant's criminal history and sentenced him accordingly.
 
 
 3
 Neither the law nor the facts support defendant's other argument that the government should have accepted his offer of assistance and that his sentence should have been reduced. Nothing in the plea agreement required the government to accept defendant's offer of assistance or to file a motion recommending downward departure. Further, defendant made no substantial allegation of prosecutorial misconduct here, but only suggested that the government was not interested in his offer. In these circumstances, the sentencing court had no authority to grant a departure or to review the government's decision not to file a motion. See Wade v. United States, 504 U.S. 181, 185 (1992).
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.