USCA1 Opinion

 

 May 9, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2328 UNITED STATES, Appellee, v. PEDRO MONTERO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Robert D. Oster and Oster & Sawyer on brief for appellant. _______________ ______________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran ___________________ ___________________ and Stephanie S. Browne, Assistant United States Attorneys, on brief ____________________ for appellee. ____________________ ____________________ Per Curiam. We have carefully reviewed defendant's __________ appellate arguments, and, finding no merit in them, we affirm the sentence imposed by the district court. Contrary to defendant's first argument, the sentence enhancement appears entirely proper. The procedural requirements of 21 U.S.C. 851 were satisfied, and defendant did nothing to dispute the existence or validity of his prior felony drug conviction. Although the district court expressed some initial uncertainty about the government's motion for enhancement, the court plainly was aware of defendant's criminal history and sentenced him accordingly.  Neither the law nor the facts support defendant's other argument that the government should have accepted his offer of assistance and that his sentence should have been reduced. Nothing in the plea agreement required the government to accept defendant's offer of assistance or to file a motion recommending downward departure. Further, defendant made no substantial allegation of prosecutorial misconduct here, but only suggested that the government was not interested in his offer. In these circumstances, the sentencing court had no authority to grant a departure or to review the government's decision not to file a motion. See ___ Wade v. United States, 504 U.S. 181, 185 (1992).  ____ _____________ Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-