UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5862

DAVID BARR,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-11)

Submitted: May 16, 1996

Decided: June 3, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John J. Pizzuti, CAMILLETTI, SACCO & PIZZUTI, L.C., Wheeling,
West Virginia, for Appellant. William D. Wilmoth, United States
Attorney, Thomas O. Mucklow, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Barr appeals the 37-month sentence he received after his guilty plea to an information charging him with conspiring, between July 1989 and May 1993, to possess with intent to distribute and to distribute cocaine, 21 U.S.C.A. § 846 (West Supp. 1996). He maintains that the district court erred in determining his criminal history and in denying him a downward departure for substantial assistance. We affirm.

In March 1990, Barr was arrested and jailed for driving under the influence. He had failed to appear on this charge in 1987. In April 1990, he entered a guilty plea and received an indeterminate sentence of 48 hours to 6 months. Barr was given credit for the 47 days he had served and was paroled. He remained on parole until September 9, 1990. The district court correctly awarded Barr two criminal history points for this sentence under USSG § 4A1.1(b).* Although he served only 47 days, the length of an indeterminate sentence is the stated maximum; here, the stated maximum was 6 months. USSG§ 4A1.2, comment. (n.2). Barr did not receive a suspended sentence, as he maintains.

The district court did not clearly err in finding that Barr had committed a part of the instant offense while he was on parole, a finding which added two criminal history points to his score. See USSG § 4A1.1(d). The instant offense includes any relevant conduct. USSG § 4A1.2, comment. (n.4). Barr argues that there was no evidence that he committed any acts in furtherance of the conspiracy before his parole ended on September 9, 1990. However, the district court found that Barr's guilty plea to a conspiracy beginning in 1989 was an admission of relevant conduct which occurred while he was still on parole. In addition, the court noted information in the presentence report from an informant who met Barr and a co-defendant in the summer of 1990 and began purchasing cocaine from them. We find that the court did not clearly err in making the factual determination

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

that Barr's participation in the conspiracy began while he was on parole.

Finally, Barr contends that the district court should have awarded him a substantial assistance departure even though the government did not move for a departure under USSG § 5K1.1. Barr's plea agreement did not promise a substantial assistance motion in return for his substantial assistance; indeed, substantial assistance was not mentioned in the agreement. In this circumstance, a sentencing court may not consider a departure based on the defendant's substantial assistance except on motion by the government unless the government's refusal to file the motion is based on an unconstitutional motive or is not rationally related to any legitimate governmental objective. Wade v. United States, 504 U.S. 181, 185-86 (1992). Barr claims bad faith on the part of the government. However, in the district court, he simply argued that he rendered substantial assistance, a claim the government disputed. Even if Barr's assistance was substantial, he is not entitled to relief without more. Wade, 504 U.S. at 187.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED