101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Elizabeth Anita JACOBS, Defendant-Appellant.
 No. 95-1689.
 United States Court of Appeals, Second Circuit.
 Aug. 14, 1996.
 
 Elizabeth Jacobs appeals from a judgment of conviction entered on December 12, 1995, in the United States District Court for the Eastern District of New York (Glasser, J.).
 
 
 1
 Appearing for Appellant: Emily R. Daniel, Milner & Daniel, New York, NY.
 
 
 2
 Appearing for Appellee: Y. Hui Chen, Assistant U.S. Attorney, E.D.N.Y., Brooklyn, NY.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Present MESKILL, CALABRESI, PARKER, Circuit Judges.
 
 ORDER
 
 6
 Jacobs pleaded guilty to importation of and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 952(a) and 841(a)(1), and was sentenced to 30 months imprisonment to be followed by five years of supervised release and a mandatory $100 special assessment. Jacobs is currently serving her sentence.
 
 
 7
 Jacobs challenges her conviction on the ground that the district court erred in denying her motion for specific performance of an alleged plea/cooperation agreement and in failing to conduct a hearing before deciding that motion. We reject her claim.
 
 
 8
 The facts that Jacobs alleges are insufficient to substantiate the existence of an oral cooperation agreement. And Jacobs does not offer any argument about how such an agreement is compatible with the fact that she signed two proffer documents each of which stated that "no understandings, promises, or agreements have been entered into with respect to the [proffer] meeting other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties."
 
 
 9
 Absent a violation of a plea agreement by the government, we review a prosecutor's decision not to make a motion under United States Sentencing Guidelines § 5K1.1 only to determine whether "the refusal was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-86 (1992). No such motive was alleged in this case, and there is no basis for reviewing the prosecutor's decision. Moreover, Jacobs is not entitled to a hearing on the prosecutor's refusal to make a § 5K1.1 motion unless she makes "a substantial threshold showing" either of a violation of a plea agreement or of an unconstitutional motive. Wade, 504 U.S. at 186. The appellant's general allegations of improper motive, like her claims of the existence of an agreement, are insufficient to meet this standard. See id. at 186-87. The district court did not err in denying Jacobs' motion for specific performance of the alleged plea agreement and in refusing her a hearing on this issue.
 
 
 10
 We have examined all of Jacobs' contentions and found them to be without merit. The district court's judgment is affirmed.