97 F.3d 1445
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Zaida GUTIERREZ, Defendant, Appellant.
 No. 95-1672.
 United States Court of Appeals, First Circuit.
 Oct. 10, 1996.
 
 Benicio Sanchez Rivera, Federal Public Defender, and Miguel A.A. Nogueras-Castro, Assistant Federal Public Defender, on brief for appellant.
 Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, Senior Litigation Counsel, Edwin O. Vazquez, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant pled guilty and was sentenced to a seventy-month term of imprisonment for a violation of 21 U.S.C. § 841(a)(1). On appeal she argues that the district court erred in refusing to depart downward from the guidelines sentencing range pursuant to U.S.S.G. § 5K1.1. After careful review of the parties' briefs and the entire record below, we find no error.
 
 
 2
 Contrary to the defendant's assertion, the government had not promised, as a term of the defendant's plea agreement, to file a § 5K1.1 motion for a downward departure from the guidelines. Although the motion filed by the government originally recommended departure for the defendant's substantial cooperation under § 5K1.1 and 18 U.S.C. § 3553, the government corrected the motion orally to reflect its actual intent to request only a departure from the statutory minimum sentence pursuant to § 3553. As the filing of a U.S.S.G. § 5K1.1 motion is discretionary with the government, United States v. Raineri, 42 F.3d 36, 44 (1st Cir.1994), cert. denied, 115 S.Ct. 2286 (1995), it was within the government's discretion to correct its motion from one seeking departure from both the statutory minimum and the guidelines to one seeking departure from the statute only. Absent a § 5K1.1 motion, a binding obligation on the government to file such a motion, or a failure to file that is based on an impermissible motive, the district court lacked authority to depart below the guideline range. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Because the defendant could not show the existence of any of these factors, the district court properly held that it was without the power to depart from the guideline sentencing range pursuant to U.S.S.G. § 5K1.1.
 
 
 3
 Affirmed. See Loc. R. 27.1.