**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4815

BERNARD LAMONT WILLIAMS, a/k/a
Bernardi Lamont Williams, a/k/a
Mook Williams,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CA-97-129)

Submitted: July 14, 1998

Decided: August 5, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin M. Schad, SCHAD, BUDA, LUCIA & COOK, L.L.C., Cincin-
nati, Ohio, for Appellant. J. Rene Josey, United States Attorney, E.
Jean Howard, Assistant United States Attorney, Greenville, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bernard Lamont Williams pled guilty to possession of cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1998), and was sentenced to a term of 150 months imprisonment. Williams appeals, alleging that the government breached the oral plea agreement by failing to move for a substantial assistance departure, USSG § 5K1.1, p.s.,[1] and that the district court erred in sentencing him for a crack offense. We affirm.

Williams entered his plea of guilty without a written plea agreement. At the Fed. R. Crim. P. 11 hearing, the government stated only that Williams would plead guilty to Count Four of the indictment, that the government would move to dismiss Count One, and that the government knew of no relevant conduct beyond what was included in Count Four. At the sentencing hearing, Count One was dismissed on the government's motion. The government attorney observed at sentencing that Williams initially agreed to cooperate but later provided untruthful information and failed a polygraph examination. Williams' attorney acknowledged that, although Williams had cooperated with the government to a degree, he had also given untruthful information and that, as a result, he would not request a downward departure. Instead, Williams requested a sentence at the low end of the guideline range.

Williams now asserts that his oral plea agreement included a promise to move for a downward departure in return for substantial assistance. He claims that he provided substantial assistance and is entitled to specific performance of the plea agreement. The record does not support his claim. Neither at the Rule 11 hearing nor at sentencing was there any suggestion that Williams' decision to plead guilty was induced by a government promise to move for a departure should he

_____

**1** **U.S. Sentencing Guidelines Manual** (1995).

2

provide substantial assistance. In the absence of such an agreement, there could be no breach.

Williams also asserts that the government failed to disclose its promise to move for a departure at the Rule 11 hearing.**2** The government denies making any promise not disclosed to the district court. We need not remand the case for a hearing on this factual matter, however, because Williams forfeited the issue by conceding at sentencing that he had not provided substantial assistance. Williams has made no showing that the government had any unconstitutional motive for deciding not to move for a departure. See Wade v. United States, 504 U.S. 181, 186 (1992) (in absence of promise for departure motion, defendant entitled to relief only if refusal to file motion based on unconstitutional motive). Therefore, we find that his various claims relating to the lack of a motion for a substantial assistance departure are without merit.

Next, Williams contends that the government failed to prove that he possessed crack cocaine as opposed to some other form of cocaine base. Because this issue is raised for the first time on appeal, we review for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Count Four of the indictment charged that Williams possessed "cocaine base (commonly knows as crack)" with intent to distribute. He acknowledged during the Rule 11 colloquy that the government could prove that the offense involved "approximately three ounces of crack cocaine." On this record, the government met its burden of proving by a preponderance of the evidence that the offense involved crack cocaine and the district court did not plainly err in imposing sentence accordingly.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

**2** While written plea agreements are favored, see United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997), they are not required.