**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-6965

CARLOS BERNARD ADAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-95-217)

Argued: January 27, 1998

Decided: March 15, 1999

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Langdon Dwight Long, Assistant Federal Public
Defender, Columbia, South Carolina, for Appellant. Scarlett Anne
Wilson, Assistant United States Attorney, Columbia, South Carolina,
for Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carlos Bernard Adams pled guilty to drug and weapons charges. He appeals, asserting that the district court erred in failing to find that the Government breached the terms of his plea agreement by refusing to move to reduce his sentence pursuant to Fed. R. Crim. P. 35(b).

The plea agreement provides that if Adams cooperates and "that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to 5K1.1 of those Guidelines." The agreement also provides, however, that "[t]he failure of the Defendant to be truthful or to cooperate at any stage will, at the sole election of the Government, cause all of the Government's obligations within this Agreement to become null and void" (emphasis omitted).

At sentencing, the Government refused to make a 5K1.1 motion because it concluded that Adams's assistance up to that time had not been substantial. Defense counsel did not contend that this refusal breached the plea agreement. Although Adams had cooperated with the Government by giving it information about several individuals, including a federal fugitive, the sentencing judge stated that in his opinion Adams's cooperation did not amount to substantial assistance. The court then stated:

> [E]ven after I sentence you, if information that you have given them or information that you give to them in the future, if that turns into a prosecution of somebody, you still qualify to come back in front of me for me to reduce your sentence. That's the way the law is.

2

After sentencing, Adams provided further information to the Government, which assertedly led to the capture of the federal fugitive and which, Adams claims, constitutes substantial assistance entitling him to a sentence reduction. Accordingly, Adams moved the district court for enforcement of the plea agreement, claiming that it implicitly obligated the Government to make a Rule 35(b) motion on his behalf.*

The district court, noting that the plea agreement contained no reference to Rule 35, denied Adams's motion. Adams claims this ruling constituted error. He is wrong. The plea agreement does not refer to Rule 35 but only to a downward departure pursuant to the Guidelines.

The district judge had no authority to expand the Government's obligations under the plea agreement. The court's comments at sentencing, however, at least arguably misled Adams. We need not here resolve to what extent they misled him, the degree to which he was entitled to rely on them, or the appropriate relief if the misrepresentation was substantial and the reliance reasonable, because the evidence clearly demonstrates that Adams otherwise violated the plea agreement. The Government presented substantial, and unrebutted, evidence that Adams lied to the Government and interfered with its prosecution of another defendant. Indeed, in refusing to hold that the Government breached the plea agreement, the district court noted "that the Government has cited to several instances of Adams' conduct serving to discredit any assertions of his `substantial assistance' pursuant to the plea agreement." Adams's breach of the plea agreement forecloses any "equitable" claim to a reduced sentence that he might conceivably have.

AFFIRMED

_____

*Adams did not, and does not, contend that the Government had unconstitutional motives, such as racial or religious bias, or any motive not rationally related to a legitimate government end, for refusing to make a substantial assistance motion on his behalf. Accordingly, Wade v. United States, 504 U.S. 181 (1992), provides no assistance to Adams.

3