**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Beatriz GUZMAN, Defendant–Appellant.**

**No. 01–50174.**
**D.C. No. CR–00–01464–JTM.**

United States Court of Appeals, Ninth Circuit.

Submitted* Jan. 18, 2002.

Decided Feb. 25, 2002.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge and ZILLY,** District Judge.

MEMORANDUM***

Beatriz Guzman appeals from her conviction and sentence of 120 months for

---

** The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. Guzman signed a plea agreement that states in pertinent part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence ... unless the Court imposes a sentence in excess of: the ten-year minimum mandatory sentence, if the Government does not file a motion pursuant to USSG § 5K1.1[.]

Guzman contends that the government breached the plea agreement by failing to recommend a substantial assistance departure under U.S.S.G. § 5K1.1.

 Guzman's argument lacks merit. The plea agreement leaves it to the government to decide, in its discretion, whether to recommend a downward departure for substantial assistance. This interpretation is confirmed by another portion of the agreement which states: "If the United States Attorney's Office decides that the defendant has provided substantial assistance, it may in its sole discretion, file a motion for a downward departure under ... § 5K1.1 of the United States Sentencing Guidelines." *See United States v. Burrows,* 36 F.3d 875, 884 (9th Cir.1994) ("Section 5K1.1 deliberately removes from judges the determination of whether or not a given quantum of assistance is substantial, and leaves the decision to prosecutors."). Even if it had decided that Guzman's assistance was substantial, the government still retained discretion to decide whether to file a downward departure motion. *See Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) ("§ 5K1.1 ... gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted."). Guzman's breach argument is without support.

Because Guzman waived her right to appeal, we lack jurisdiction to consider it. The appeal is accordingly DISMISSED.