**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1018

UNITED STATES,
Appellee,

v.

DIANA VEGERANO-RODRIGUEZ,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Lipez and Howard,
Circuit Judges.

Raymond Sanchez-Maceira on brief for appellant.
H.S. Garcia, United States Attorney, and Nelson Perez Sosa,
Assistant U.S. Attorney on brief for appellee.

April 13, 2005

**Per Curiam**. Appellant, Diana Vegerano-Rodriguez, appeals from the United States District Court for the District of Puerto Rico's (Perez-Gimenez, J.) denial of her motion for an evidentiary hearing on the issue of the propriety of the government's motives in refusing to file a downward departure motion for substantial assistance pursuant to a plea agreement.  She further appeals the court's imposition of the drug-testing condition on her supervised release term.

Considering first the denial of an evidentiary hearing, we find no abuse of discretion.  See United States v. Alegria, 192 F.3d 179, 189 (1st Cir. 1999); David v. United States, 134 F.3d 470, 477 (1st Cir. 1998).  The government met its burden of production: it provided facially adequate reasons for its belief that Vegerano-Rodriguez did not satisfy the terms of the plea agreement for substantial assistance.  See Alegria, 192 F.3d at 189; United States v. Garcia, 698 F.2d 31, 35 (1st Cir. 1983).  The plea agreement conditioned substantial assistance upon Vegerano-Rodriguez providing, inter alia, "full, complete, and substantial cooperation."  According to the government's proffer, however, she did not initially provide all information known to her and only later told the complete truth when the government made efforts to extract it from her.

Moreover, the district court correctly concluded Vegerano-Rodriguez did not meet her burden of making a "substantial

threshold showing" that the government had an unconstitutional motive in refusing to file a substantial assistance motion. <u>Wade</u> v. <u>United States</u>, 504 U.S. 181, 186 (1992); <u>Alegria</u>, 192 F.3d at 188. In her motion, she largely ignored the issue of whether the government acted in an unconstitutional manner, putting the bulk of her effort into proving that she had provided substantial assistance. <u>See</u> <u>Wade</u>, 504 U.S. at 186. The few allegations Vegerano-Rodriguez made that concern the government's unconstitutional motives state conclusions instead of facts and support, at most, government carelessness. <u>See</u> <u>Alegria</u>, 192 F.3d at 189; <u>United States</u> v. <u>Doe</u>, 170 F.3d 223, 225-26 (1st Cir. 1999).

Considering the drug testing condition, we hold that the district court improperly delegated its authority. The district court's sentence included a five-year term of supervised release with the condition that, "[Vegerano-Rodriguez] shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen days of release and thereafter, as required by the probation officer."[1] The parties do not dispute that this

_____

[1]The written sentence differs from the oral sentence. It states, "[t]he defendant shall submit to one drug test within 15 days of release from imprisonment. If any such samples detect substance abuse, the defendant shall participate in a substance abuse treatment program arranged and approved by the Probation officer until duly discharged by authorized program personnel with approval of the Probation officer." Where a district court's oral expression of its sentencing rationale varies materially from its subsequent written expression of that rationale, appellate courts have tended to honor the former at the expense of the latter. <u>United States</u> v. <u>Cali</u>, 87 F.3d 571, 579 (1st Cir. 1996); <u>United</u>

-3-

condition constitutes an improper delegation of authority to the probation officer. We agree. In <u>United States</u> v. <u>Melendez-Santana</u>, 353 F.3d 93, 102-106 (1st Cir. 2003), we held that virtually identical language violated the "clear Congressional mandate" that, following the initial drug test within fifteen days of release, there must be at least two periodic drug tests <u>as determined by the court</u>. 18 U.S.C. § 3583(d).

Accordingly, we vacate the sentence to the extent it improperly delegates the district court's authority to determine the maximum number of drug tests required during the appellant's supervised release term, and we remand to the district court for further action consistent with this opinion. We affirm, however, the district court's denial of Vegerano-Rodriguez's request for an evidentiary hearing.

<u>So ordered.</u>

---

States v. <u>Muniz</u>, 49 F.3d 36, 42 n.5 (1st Cir. 1995). Here, both the oral and written condition improperly delegate authority to the probation officer, so the fact that our analysis concerns the oral sentence is of no consequence.