[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 25, 2006
THOMAS K. KAHN
CLERK

No. 04-15680
Non-Argument Calendar

_____

D. C. Docket No. 96-00392-CR-9-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC HOLLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 25, 2006)**

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Cedric Holland, a federal prisoner serving a 151-month sentence for

possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), appeals from the district court's denial of his motion to compel the government to file a Fed.R.Crim.P. 35(b) motion to reduce his sentence for substantial assistance. On appeal, Holland argues (1) that the instant appeal is not barred by the sentence-appeal waiver in his plea agreement; (2) the government's refusal to file a Rule 35(b) motion on his behalf constituted a breach of the plea agreement and a subsequent oral promise to file such a motion; and (3) the district court erred by denying his motion for an evidentiary hearing.

Upon a thorough review of the record on appeal, including Holland's written plea agreement, the transcripts of the change-of-plea and sentencing hearings, and Holland's "Motion to Compel Specific Performance of Plea Agreement and Filing of Rule 35(b) Motion" and related pleadings, and after consideration of the briefs of the parties to this Court, we find no reversible error.

The Supreme Court has held that federal district courts may review the government's refusal to file a substantial-assistance motion if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. Wade v. United States, 504 U.S. 181 (1992). In the absence of this showing, the defendant has no right to discovery or an evidentiary hearing on this issue. Id. at 186. In Wade, the Court noted that a

2

defendant would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate government interest.  Id.  Applying the Supreme Court's holding in Wade, this Court has concluded that "courts are precluded from intruding into prosecutorial discretion," except where there is "an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion."  United States v. Forney, 9 F.3d 1492, (emphasis in original).

Holland's allegations that the government's refusal to file a Rule 35(b) motion was "arbitrary" and made in "bad faith" are insufficient to justify judicial review, and because the government did not breach the plea agreement by refusing to file a Rule 35(b) motion when they retained discretion in the matter, the district court did not err in denying Holland's "Motion to Compel" or his motion for an evidentiary hearing on this issue.

**AFFIRMED.**