[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14879
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00135-CR-J-20MMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELLUS MATSON,
a.k.a. Pee Wee,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 15, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

The district court sentenced appellant on a plea of guilty to a prison term of

188 months for distribution of more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a). He now appeals his sentence. He presents the following grounds: (1) that the district court committed plain error at the sentencing hearing by receiving into evidence certain exhibits offered by the Government; (2) the court erred in finding appellant eligible for career offender status; (3) the court denied appellant his rights under the Fifth and Sixth Amendments by using his prior convictions to enhance his sentence as a career offender because the convictions were not alleged in the indictment and established by a jury; and (4) the Government breached its promise to move the court for a downward departure under U.S.S.G. § 5K1.1. We consider these grounds in order.

The first ground is meritless. The Government introduced a DEA report, exhibit 1, which indicated that appellant had allegedly solicited a murder, and a signed plea agreement, exhibit 4, that was not entered into in open court. Appellant did not question the exhibits' authenticity, but contends that the exhibits were irrelevant. We conclude that they were relevant and sufficiently reliable to enable the court to consider them under U.S.S.G. § 6A1.3(a). The court could consider the exhibits because the information they contained related to the sentencing factors set out in 18 U.S.C. § 3553(a) and the applicable Sentencing Guidelines. The Government referred to the DEA report in explaining why it did

not file a § 5K1.1 motion, and to the plea agreement to shed light on appellant's understanding of any promises he thought the Government had made to induce his guilty plea. In short, we find no abuse of discretion in the court's consideration of the exhibits.

The gist of appellant's second ground is two-fold: the court (1) failed to obtain appellant's "waiver" to its application of the career offender enhancement, and (2) impermissibly treated the career offender enhancement as mandatory. There is nothing in the record to support either point. Appellant made no objection to the existence of the prior convictions the court considered, and cites no authority that barred the court from taking them into account in fashioning his sentence.

As to appellant's third ground, the record reveals no constitutional challenge (by appellant) to the sentence he received. We therefore review his argument for plain error. See United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005). We find no error, much less error that is plain. His argument therefore fails.

We find no merit in appellant's fourth ground – the Government's failure to seek a § 5K1.1 departure. The filing of a § 5K1.1 motion is a matter of prosecutorial discretion. Nonetheless, the court may inquire of the prosecutor in order to determine whether the Government's decision not to seek a departure is based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 112

3

S.Ct. 1840, 118 L.Ed.2d 524 (1992).  Absent a finding that the withholding is based on such motive, the court proceeds no further.  Here, appellant did not contend that the Government's decision was unconstitutionally motivated.  His fourth ground therefore fails.

AFFIRMED.