**UNITED STATES of America,**
**Appellee,**

v.

**Frank John DEFEO, Defendant–**
**Appellant.**

**No. 08–3812–cr.**

United States Court of Appeals,
Second Circuit.

May 7, 2009.

David Schoen, Montgomery, AL (Martin R. Stolar, New York, NY, on the brief; Zoe Dolan, New York, NY, of counsel), for Defendant–Appellant.

Jeff Alberts, Assistant United States Attorney, for Lev L. Dassin, Acting United States Attorney, Southern District of New York (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. J. GARVAN MURTHA,* District Judge.

* The Honorable J. Garvan Murtha, of the Unit-      ed States District Court for the District of

■ Frank John DeFeo appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Sweet, *J.*). DeFeo was sentenced principally to 360 months' imprisonment. His primary contention on appeal is that the district court improperly refused to compel the government to file a motion to modify his sentence pursuant to Federal Rule of Criminal Procedure 35(b). *See United States v. DeFeo*, No. 90–cr–250, 2008 WL 2557425, *3–*4 (S.D.N.Y. June 26, 2008). We agree with the district court that it was without authority to compel the government to move for such a modification. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

The government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).[1] DeFeo did not have a cooperation agreement with the government providing for a possible sentence modification under Rule 35(b), and he has not alleged that the government failed to make such a motion based on an unconstitutional motive. Therefore, he is entitled to relief only if he can establish that the government's reasons for refusing to file a Rule 35(b) motion were "not rationally related to any legitimate Government end." *Id.* at 186, 112 S.Ct. 1840.

Among the reasons identified by the government for its decision not to file a Rule 35(b) motion on DeFeo's behalf were (1) DeFeo's history of serious drug trafficking; (2) threats DeFeo made during the course of his prosecution to cooperating witnesses and prosecutors; and (3) false allegations DeFeo made during his trial. Given the latitude afforded the government's determination as to whether to make such a motion, we believe these reasons suffice.

■ DeFeo asserts that he was entitled to an evidentiary hearing to dispute the truth of the latter two grounds. However, DeFeo was not entitled to an evidentiary hearing because he did not make a "substantial threshold showing" that the government's reasons for refusing to submit a Rule 35(b) motion were irrational. *Id.* at 186, 112 S.Ct. 1840 (noting that "generalized allegations of improper motive" will not trigger the right to a remedy, "or even to discovery or an evidentiary hearing"). Even where that threshold has been met, whether to hold an oral argument or a formal evidentiary hearing "lies within the sound discretion of the district court." *United States v. Knights*, 968 F.2d 1483, 1487 (2d Cir.1992) (examining allegation of government bad faith where a plea agreement provided for substantial assistance motion). The district court held oral argument on DeFeo's motion and determined that DeFeo had failed to present "any evidence to cast doubt on the government's justifications." *DeFeo*, 2008 WL 2557425 at *4.

We have considered DeFeo's remaining contentions and find them to be without merit. The district court's order is AFFIRMED.

---

Vermont, sitting by designation.

1. This Court interprets the procedural requirements of Rule 35(b) in light of U.S.S.G.

§ 5K1.1. *See United States v. Gangi*, 45 F.3d 28, 30–31 (2d Cir.1995).