<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4286**

_____

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

JOHNNIE LEE LUCAS, III,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Louise W. Flanagan,
District Judge.  (5:11-cr-00230-FL-1)

_____

Submitted:  November 30, 2012  Decided:  January 10, 2013

_____

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Rudolph A. Ashton, III, MCCOTTER, ASHTON & SMITH, P.A., New
Bern, North Carolina, for Appellant.   Thomas G. Walker, United
States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-
McKinney, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnnie Lee Lucas pled guilty to one count of possession of twenty-eight or more grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a) (2006). The district court varied below the Guidelines range of 188-235 months and imposed a sentence of 175 months' imprisonment. Lucas appeals his sentence, contending that it was error for the government to refuse to file a motion for a downward departure based on his substantial assistance, U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2011), and that the district court's downward variance was insufficient to meet the sentencing goals of 18 U.S.C. § 3553(a) (2006). We affirm.

With respect to the first issue, Lucas concedes that, under Wade v. United States, 504 U.S. 181, 185-86 (1992), the district court may review a prosecutor's decision not to file a § 5K1.1 motion and grant relief only if the prosecutor's decision was based on an unconstitutional motive. Lucas also concedes that no showing of an unconstitutional motive was made at sentencing. Therefore, this claim fails.

Next, at his sentencing hearing, Lucas requested a sentence of 150 months based on his cooperation with state and federal authorities prior to his arrest. The government requested a sentence at the bottom of the Guidelines range, explaining that Lucas had cooperated, but had continued his

2

unlawful conduct while cooperating, although he was instructed that he could not violate the law while cooperating. We review a sentence for reasonableness, applying an abuse of discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), which requires consideration of both procedural and substantive reasonableness. Id. In reviewing a variance, we must give due deference to the sentencing court's decision. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), (citing Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 2946 (2011).

Lucas argues that the district court may consider a defendant's cooperation as a basis for a reduced sentence even if the government has not filed a § 5K1.1 motion, citing United States v. Knox, 573 F.3d 441 (7th Cir. 2009), and United States v. Fernandez, 443 F.3d 19 (2d Cir. 2006). However, it is clear from the record that, in this case, the district court in fact considered Lucas' cooperation in determining his sentence, and sentenced him below the Guidelines range based on his motion for a downward variance for substantial assistance. The court stated that Lucas' failure to comply with the rule that he not break the law while cooperating with authorities would affect its sentencing determination. We conclude that the district court did not abuse its discretion in varying to a sentence of 175 months, and that the sentence is not unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED