United States v. Hillary Trimm

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of March, two thousand nineteen.

PRESENT: DENNIS JACOBS,
GERARD E. LYNCH,
     **<u>Circuit Judges</u>**,
LAWRENCE J. VILARDO,*
     **<u>District Judge</u>**.

- - - - - - - - - - - - - - - - - - - - -X

**UNITED STATES OF AMERICA,**
     **<u>Appellant</u>**,

     **-v.-**                                        **18-702**

**HILLARY TRIMM,**
     **<u>Defendant-Appellee</u>**.
- - - - - - - - - - - - - - - - - - - - -X

---

* Judge Lawrence J. Vilardo, United States District Court for the Western District of New York, sitting by designation.

FOR APPELLANT:                          PAUL D. SILVER, Assistant United
                                        States Attorney (Lisa M. Fletcher,
                                        Assistant United States Attorney, <u>on
                                        the brief</u>), <u>for</u> Grant C. Jaquith,
                                        United States Attorney for the
                                        Northern District of New York,
                                        Syracuse, NY.


FOR DEFENDANT-APPELLEE:                  GEORGE F. HILDEBRANDT,
                                        Syracuse, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

The government appeals a sentence as reflected in a judgment from the Northern District of New York (Hurd, <u>J</u>.). The government argues that the district court erred when it "deemed" the government to have made a motion pursuant to 18 U.S.C. § 3553(e) allowing the court to sentence Hillary Trimm below the statutory minimum term of imprisonment of 15 years. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review in this case.

We review district courts' interpretation of federal statutes de novo. <u>See</u> <u>United States v. Soler</u>, 759 F.3d 226, 229 (2d Cir. 2014).

The full text of 18 U.S.C. § 3553(e) is as follows:

> Limited Authority to Impose a Sentence Below a Statutory Minimum.--Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be

2

> imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

The provision "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992). The government may not refuse to file the motion "based on an unconstitutional motive," id. at 185–86, or, when there is a cooperation agreement in place, in bad faith, see United States v. Khan, 920 F.2d 1100, 1106 (2d Cir. 1990). The district court here purported simply to "deem" the government to have made a motion that it had expressly declined to make, apparently because the court believed that a sentence below the statutory minimum was appropriate. But the district court did not find unconstitutional motive or bad faith. See Sealed App'x 86 ("I am not making a ruling that the government's motion was made in bad faith."). Accordingly, it was without authority to sentence Trimm below the statutory minimum sentence of 15 years' imprisonment.

We have considered all of the Appellee's remaining arguments and find them to be without merit. Accordingly, we VACATE and REMAND the judgment of the district court for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3