[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14745
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20433-UU-3


UNITED STATES OF AMERICA,

                                                          Plaintiff - Appellee,

versus

JOSE ANTONIO GARAY RODRIGUEZ,

                                                          Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 25, 2021)

Before GRANT, LAGOA, and JULIE CARNES, Circuit Judges.

PER CURIAM:

        Defendant Jose Antonio Garay Rodriguez appeals the district court's denial

of his motion to compel the Government to file a motion under Federal Rule of

Criminal Procedure 35(b) to reduce his sentence based on substantial assistance. Because the Government retained discretion to decide whether to file such a motion under Defendant's plea agreement, and Defendant failed to make a substantial showing that the Government's decision not to move for a sentence reduction resulted from an unconstitutional motive, we affirm the decision below.

## I.    BACKGROUND

In 2012, a Marine Patrol Aircraft notified the United States Coast Guard that a go-fast style vessel with visible bales on deck was heading northwest in the Caribbean Sea at a high rate of speed.  After the Marine Patrol Aircraft observed individuals on the vessel jettison about 15 bales into the sea, the Coast Guard recovered five of the bales and boarded the vessel, which was without nationality and therefore subject to United States jurisdiction.  The Coast Guard found three Hondurans, including Defendant, and one Colombian onboard and determined that the jettisoned bales contained cocaine.

A federal grand jury indicted the crewmembers, charging Defendant in three of four counts.  Pursuant to a written plea agreement, Defendant pled guilty to Count 1—conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), (b), and 21 U.S.C. § 960(b)(1)(A)—in exchange for the Government dropping the remaining charges against him.  The plea agreement provided that the Government "may" file a

2

motion under Federal Rule of Criminal Procedure 35(b) for a downward departure based on substantial assistance "[i]f in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from . . . any applicable minimum mandatory sentence." The plea agreement further provided that "nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence." The court accepted Defendant's plea and sentenced him to the mandatory minimum of 120 months' imprisonment. The Government never filed a motion to reduce Defendant's sentence for substantial assistance.

Over the next seven years, Defendant filed several *pro se* motions concerning the substantial-assistance provision in his plea agreement. First, in 2015, Defendant moved the court to inquire as to whether the Government would file a substantial-assistance motion. In denying the motion, the court explained that it had no authority to review the Government's refusal to file such a motion absent a substantial showing that its refusal was the result of an unconstitutional motive. For the same reason, the court denied Defendant's July 2019 motion to compel the Government to file a substantial-assistance motion under Rule 35(b).

The instant appeal concerns Defendant's October 2019 motion, in which he again asked the court to compel the Government to file a substantial-assistance motion under Rule 35(b). Defendant once again asserted that he had assisted the Government and argued that the Government was discriminating against him for "an unknown reason" because it had filed substantial-assistance motions on behalf of two of his codefendants, who had cooperated with the Government by providing the same information he had provided. Because Defendant still had not made a substantial showing that the Government had refused to file a substantial-assistance motion based on an unconstitutional motive, the district court denied the motion. The court further ruled that it would not entertain any future motions from Defendant regarding a Rule 35(b) motion.

## II.    DISCUSSION

Proceeding *pro se* on appeal, Defendant challenges the district court's denial of his motion to compel the Government to file a substantial-assistance motion under Rule 35(b). We review *de novo* whether a district court had authority to compel the Government to file a motion for a downward departure based on substantial assistance. *See United States v. Forney*, 9 F.3d 1492, 1498–1500 (11th Cir. 1993).

Federal Rule of Criminal Procedure 35(b) provides that the court may reduce a defendant's sentence after sentencing if the Government files a motion for a

4

sentence reduction based on the defendant's substantial assistance in investigating or persecuting another person. Fed. R. Crim. P. 35(b). When the Government retains discretion under a plea agreement to decide whether or not to file a Rule 35(b) motion, a court may review the Government's refusal to file such a motion only if that refusal was based on an unconstitutional motivation, such as race or religion. *Forney*, 9 F.3d at 1502. To obtain review of the Government's discretionary decision not to file a substantial-assistance motion, the defendant must first make a "substantial threshold showing" that the refusal was based upon an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185–86 (1992).

Here, the district court did not err in denying Defendant's motion to compel the Government to file a substantial-assistance motion. As an initial matter, the record belies Defendant's argument that his plea agreement required the Government to file such a motion.[1] Under the clear terms of Defendant's plea agreement, the Government retained discretion to decide whether to file a Rule 35(b) motion. Indeed, the plea agreement repeatedly emphasized the discretionary nature of the Government's decision, stating that (1) the Government

---

[1] Defendant appears to argue for the first time on appeal that the Government breached the plea agreement by failing to file a Rule 35(b) motion. This argument is subject to plain-error review because he did not raise it below. *See Puckett v. United States*, 556 U.S. 129, 133–34 (2009) (holding that plain-error review applies to a defendant's unpreserved argument that the Government had violated his plea agreement). Nevertheless, because the plain terms of Defendant's plea agreement show that the Government had no such obligation, Defendant's argument fails even on *de novo* review.

"may" file such a motion, (2) the Government retained "sole and unreviewable judgment" on the issue, (3) "nothing in [the] agreement requires [the Government] to file any such motions," and (4) the Government's "assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of [the Government's] filing or non-filing of a motion to reduce sentence."  Because the Government had discretion on the issue of substantial assistance, Defendant was required to make a substantial showing that the Government's decision not to file a Rule 35(b) motion resulted from an unconstitutional motivation.  *Id.*

Defendant failed to meet that standard.  Even assuming that Defendant's allegations were correct—that he was treated unfairly because the Government filed substantial-assistance motions on behalf of his codefendants who provided the same information he did—that did not show that the Government's motive for deciding not to file a Rule 35(b) motion in Defendant's case was unconstitutional. Defendant did not identify any facts or evidence suggesting, for example, that his race or religion played into the Government's decision-making process.  Rather, he candidly admitted that the Government's motive for failing to move for a sentence reduction was "unknown."  His only argument is that he made a "good faith" effort to assist the Government.  Neither "generalized allegations of [an] improper motive" nor "a claim that a defendant . . . provided substantial assistance,"

however, satisfies a defendant's burden to make a substantial threshold showing of a constitutionally suspect motive. *Wade*, 504 U.S. at 186.

Absent such a showing, the district court lacked authority to review the Government's decision not to file a substantial-assistance motion. Accordingly, the district court did not err in denying Defendant's motion to compel the Government to file a Rule 35(b) motion for a sentence reduction.

## III.    CONCLUSION

Because the district court correctly denied Defendant's motion to compel the Government to move for a sentence reduction based on Defendant's substantial assistance, we affirm.

**AFFIRMED.**

7