UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JUAN MANUEL PADILLA-HERNANDEZ,

No. 98-4873

a/k/a Fonceca, a/k/a Manuel Padilla
Hernandez, a/k/a Francisco
Fonceca-Ballesteros,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-136)

Submitted: September 28, 1999

Decided: October 18, 1999

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

K. E. Krispen Culbertson, K.E. KRISPEN CULBERTSON & ASSO-
CIATES, Greensboro, North Carolina, for Appellant. Walter C. Hol-
ton, Jr., United States Attorney, Michael F. Joseph, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Juan Manuel Padilla-Hernandez pled guilty to two drug trafficking offenses and requested at sentencing that he receive a downward departure for his cooperation with the police under U.S. Sentencing Guidelines Manual § 5K1.1 (1998). The Government opposed this motion, and the court refused to reduce Padilla-Hernandez's sentence as requested. Padilla-Hernandez asserts on appeal that he was improperly denied the § 5K1.1 downward departure. We affirm.

"Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." USSG § 5K1.1. We have held that a § 5K1.1 downward departure is not permitted without a government motion, unless the government's refusal to file a motion "(1) is based on an unconstitutional motive; or (2) is not rationally related to a legitimate government objective." United States v. Maddox, 48 F.3d 791, 795 (4th Cir. 1995) (citing Wade v. United States , 504 U.S. 181, 184-87 (1992)). We therefore reject Padilla-Hernandez's assertion that a downward departure for substantial assistance is permissible even without a recommendation from the government. See United States v. Schaefer, 120 F.3d 505, 508 (4th Cir. 1997).

Padilla-Hernandez also contends that the Government withheld its recommendation in order to punish him for litigating his suppression motion. The record does not support this allegation. At sentencing, the prosecutor told the court that he was unwilling to endorse a § 5K1.1 departure because Padilla-Hernandez provided only limited information, much of which was false. The court indicated that it accepted this explanation. This determination is not clearly erroneous. See United States v. Elie, 111 F.3d 1135, 1144 (4th Cir. 1997) (stating

2

the general rule that findings of fact are reviewed for clear error); United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989) (holding that, in the context of sentencing guidelines, appellate courts should accept the trial court's primary factual findings absent clear error). In light of this finding, there is no factual basis for Padilla-Hernandez's allegation that the prosecution refused to move for a § 5K1.1 departure in retaliation for his suppression motion. Padilla-Hernandez therefore is not entitled to relief.

We therefore affirm the judgment entered by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3