UNITED STATES of America,
Appellee,

v.

Rafael ZAYAS, a.k.a. Tito,
Defendant–Appellant,

Sealed5: 98M47–14; Rafael Ortiz, a.k.a.
Fito; Francisco Ortiz, a.k.a. shorty;
Jose Zapata, a.k.a. Carl Che; Aida Or-
tiz, a.k.a. Aida Zayas; Enrique Zayas,
a.k.a. Rickey; Carlos Zayas, a.k.a.
Carlito; Edwin Ortiz; Osvaldo Aceve-
do, a.k.a. Valdo; Gerald Antonino,
a.k.a. Jerry, a.k.a. El Gringo, a.k.a.
The White Guy; David Perez II, a.k.a.
Pito; Amelia Pereira, a.k.a. Mel;
Henry McCombe, a.k.a. Slick; Edwin
Pizarro, a.k.a. El Hicho; Benjamin
Elliot Grant, a.k.a. Benji; Rodney
Bruce, a.k.a. Andre M. Bruce, a.k.a.
Moogie; Frank J. Best, a.k.a. J.B., De-
fendants.

Nos. 00–129647–14, 99–1698L.

United States Court of Appeals,
Second Circuit.

Sept. 6, 2001.

Alex Hernandez, Assistant United
States Attorney; Stephen C. Robinson,
United States Attorney, on the brief,
Bridgeport, CT, for United States.

Bruce Donald Koffsky, Stamford, CT, for defendant-appellant, Rafael Zayas, a.k.a. Tito.

Present MESKILL, WINTER, and STRAUB, Circuit Judges.

*SUMMARY ORDER*

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Rafael Zayas appeals from the sentence of the District Court following his conviction upon his plea of guilty to a federal narcotics charges. Zayas claims that the government acted in bad faith when it refused to move for a downward departure pursuant to U .S.S.G. § 5K1.1. On appeal, he contends that, at the very least, his claim of bad faith raised a dispute of a material fact, and that the District Court erred when it declined to hold a factual hearing on the issue.

In order to merit a factual hearing on his claim, a defendant must make a substantial threshold showing that the government acted in bad faith. *See Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id.* In support of his bad faith claim before the District Court, Zayas detailed the assistance he provided to the government, but provided no other factual allegations in support of his claim. Even crediting Zayas version of his cooperation, his allegations did not support the inference that the government acted in bad faith when it declined to move for a downward departure based on substantial assis-

tance. Moreover, the government noted, and Zayas did not dispute, that he had not entered a cooperation agreement, he had not offered to testify, and he had only cooperated selectively. Since Zayas failed to make a threshold showing of bad faith, no hearing was required to resolve the purported dispute.

For the reasons set forth above, the judgment of the District Court is AFFIRMED.