**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert EVANS, Defendant–Appellant.**

No. 00–2258, 00–2259.

United States Court of Appeals,
Sixth Circuit.

Feb. 27, 2002.

**514**

Before JONES and MOORE, Circuit Judges; HAYNES,* District Judge.

## OPINION

HAYNES, District Judge.

In this appeal, Appellant–Defendant Robert Evans contends that the government breached his plea agreement by not requesting a downward departure on his sentences for conspiracy to distribute cocaine, two counts of distribution of cocaine, and failure to appear for trial. Given that the defendant lacks proof of an unconstitutional motive or bad faith by the govern-

ment, we **AFFIRM** the sentence imposed by the district court.

## I. BACKGROUND

The Defendant, Robert Evans, was originally charged in a two-count indictment with violating 21 U.S.C. § 841(a)(1) and § 846. Count One charged that Evans conspired with Joey Williams to distribute cocaine between May 1998 and September 2, 1998. Count Two alleged that Evans and another individual distributed cocaine on or about May 6, 1998. Evans' first trial was set on March 2, 1999, but Evans did not appear. The district court issued a bench warrant and the government subsequently added counts for Evans' failure to appear for trial and for Evans' alleged distribution of cocaine with another individual on June 30, 1998.

Evans entered into a plea agreement with the government, to plead guilty to all four counts in exchange for a promise that his sentence would not exceed the midpoint of the applicable guidelines range. The government also agreed to make a motion for downward departure, if the government in its "sole determination" concluded "that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others." The plea agreement provided, in pertinent part:

3. **Cooperation**

   B. *Substantial Assistance Determination.* Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will request the court to depart downward from the applicable sentencing range. *The government*

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of    Tennessee, sitting by designation.

*reserves the right to make the sole determination as to whether and when defendant has provided substantial assistance.* The motion will be for a departure authorized by U.S.S.G. § 5K1.1 of the Sentencing Guidelines (which permits a departure only from the applicable guideline range) and pursuant to 18 U.S.C. § 3553(e) (which authorizes departure below the statutory minimum).

(emphasis added).

Evans pled guilty on June 6, 2000, and on October 5, 2000, the district court sentenced Evans to 120 months on the counts in the first indictment (the statutory minimum sentence for the drug quantity involved) and to a consecutive term of 18 months on the second indictment (the bottom of the applicable guideline range). The government did not request a downward departure. Before the district court, Evans did not object to the government's failure to request a downward departure.

In response to Evans' contention that the government breached the plea agreement, the government responds that Evans did not provide "substantial assistance" in the prosecution or investigation of others. Thus, the government did not request a downward departure for Evans. Otherwise, Evans' sentence reflects the terms of his plea agreement.

## II. ANALYSIS

In *Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court held that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." This Circuit's precedents likewise reflect that where the "sole discretion whether to make such a motion is reserved to the prosecution a district court's oversight of the decision is *limited to situation in which defendants*

*can demonstrate that an unconstitutional motive or bad faith precipitated the government's determination."* United States v. Johnson, 2000 U.S.App. LEXIS 1345, *8 (6th Cir.2000) (emphasis added), citing *Wade,* 504 U.S. at 186. *Accord, United States v. Moore,* 225 F.3d 637, 644 (6th Cir.2000); *United States v. Hunt,* 205 F.3d 931, 933 (6th Cir.2000); *United States v. Benjamin,* 138 F.3d 1069, 1073–74 (6th Cir.1998).

Here, under Evans' plea agreement, the government had the right, in its "sole determination," to decide whether Evans has provided substantial assistance. The government concluded Evans did not do so. Evans has not presented any proof that the government had an unconstitutional motive or acted in bad faith in making that determination. Further, the facts in the record do not reflect that the government acted in bad faith or with an unconstitutional motive on the downward departure issue.

Without proof of an unconstitutional motive or bad faith by the government, the Court cannot review the government's refusal to move for a downward departure.

## III. CONCLUSION

Thus, we **AFFIRM** the judgment and sentence imposed by the district court.