**UNITED STATES of America, Appellee,**

v.

**Mario MARTINEZ, Defendant–Appellant.**

No. 03–1341.

United States Court of Appeals, Second Circuit.

May 11, 2004.

B. Alan Seidler, New York, NY, for Appellant.

David M. Siegal, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District New York, Daniel S. Ruzumna, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, OAKES, and POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Mario Martinez appeals from an April 22, 2003 order of the United States District Court for the Southern District of Connecticut (Alvin K. Hellerstein, *District Judge*) convicting Martinez after a guilty plea of conspiracy to distribute one hundred grams or more of heroin in violation of 21 U.S.C. § 846. Martinez was sentenced to the statutory mandatory minimum term of sixty months' imprisonment to be followed by four years' supervised release. We affirm.

Martinez, who provided information about his heroin source after entering into a proffer agreement with the government, argues on direct appeal (a) that the Government acted in bad faith as a result of its failure to file a United States Sentencing Guidelines § 5K1.1 motion at the sentencing proceeding and (b) that the district court misapprehended its authority to conduct an evidentiary hearing on the issue of bad faith.

The proffer agreement specifically advised Martinez that the Government did not agree to make a § 5K1.1 motion on Martinez's behalf or to enter into a cooperation agreement with him. Moreover, Martinez never alleged, much less made a threshold showing, that the Government's decision not to file a § 5K1.1 motion was a result of an unconstitutional or discriminatory motive. *See Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Without such a showing, the district court had no basis to conduct a hearing or depart from the Sentencing Guidelines range. *See United States v. Difeaux*, 163 F.3d 725, 729 (2d Cir.1998) (no right to evidentiary hearing unless defendant makes substantial threshold showing of improper prosecutorial motivation). Therefore, the district court properly found that, under these circumstances, it was without discretion to order a hearing regarding the downward departure under § 5K1.1.

Accordingly, for the foregoing reasons, the district court's judgment is hereby AFFIRMED.