[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-11140
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 29, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-60152-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 29, 2005)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Kelvin Gibson, proceeding pro se, appeals the district court's denial of his "motion to request specific performance of the government to grant reduction of sentence pursuant to Rule 35(b)." On appeal, Gibson argues that the district court

erred by denying his motion and not considering "the due process violation when the government failed to file a Rule 35 motion based on the appellant's substantial assistance to the government." We review de novo whether the government can be compelled to make a substantial assistance motion. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1998). After thorough review of the record and careful consideration of the parties' briefs, we affirm.

Gibson pled guilty, pursuant to a written plea agreement, to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Count 1), and one count of knowingly carrying a firearm during a crime of violence (Count 2), in violation of 18 U.S.C. § 924(c). In the written plea agreement, the government agreed to recommend at sentencing a 3-level reduction for Gibson's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. The written plea agreement did not contain any provisions relating to a motion for substantial assistance, either pursuant to Fed. Crim. P. 35(b) or U.S.S.G. § 5K1.1. The district court sentenced Gibson to a total of 154 months' imprisonment: 70 months as to Count 1 and 84 months as to Count 2, to run consecutively.

Almost two years after he was sentenced, Gibson, proceeding pro se, filed the instant motion. In his motion, Gibson claimed that he provided substantial assistance to the United States Attorney's Office for the Northern District of

Florida and the State District Attorney in Tallahassee, Florida. Gibson stated that, in return, he was promised a recommendation to the United States Attorney's Office for the Southern District of Florida that he receive a substantial assistance reduction in his sentence. Gibson further argued that his written plea agreement contained a provision providing that the government would recommend a substantial-assistance reduction.

The district court denied his motion, stating that Gibson failed to "make a substantial showing of prosecutorial discrimination, bad faith or irrational conduct so as to entitle him to an evidentiary hearing." Moreover, the court noted, Gibson's written plea agreement contained no provision about substantial assistance or any indication that he would receive a reduction in his sentence based on substantial assistance.

Rule 35 allows the government to move to reduce a defendant's sentence after sentencing when the defendant provides substantial assistance in investigating or prosecuting another person. See Fed. R. Crim. P. 35(b). Moreover, construing U.S.S.G. § 5K1.1, the Supreme Court has held that the government has the power, but not the duty, to file a motion to reduce a defendant's sentence when the defendant has provided substantial assistance. Wade v. United States, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843, 118 L. Ed. 2d 524 (1992). The Supreme Court

also stated that

> federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion. . . .[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.

Id. at 185-186, 112 S.Ct. at 1843-1844.

Based on our careful review of the plea agreement, we, like the district court, have found no mention of substantial assistance or a promise by the government to file a substantial-assistance motion should Gibson provide authorities with substantial assistance. Moreover, Gibson's arguments concerning alleged bad faith in the government's decision not to file a Rule 35 motion do not indicate that the decision was based on an unconstitutional motive such as race or religion, as enumerated in Wade. Accordingly, the district court did not err by denying Gibson's motion.

**AFFIRMED.**