[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2006
THOMAS K. KAHN
CLERK

No. 06-10894
Non-Argument Calendar

_____

D. C. Docket No. 02-00065-CR-4-RH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRENTON DENORM GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 17, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

On February 11, 2003, Trenton Green pled guilty pursuant to a plea

agreement to both counts of an indictment: Count One, armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d); Count Two, using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii). In the plea agreement, the Government reserved "absolute discretion" to file a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e). At sentencing, Green moved the district court to compel the Government to file such a motion. The court denied the motion and sentenced Green to consecutive prison terms of 70 months on Count One and 84 months on Count Two. Green appealed his convictions and sentences, and we affirmed. United States v. Green, 107 Fed.Appx. 892 (Table)(June 4, 2004)(Case No. 03-12778-B).

On September 2, 2005, Green moved the district court pursuant to Fed. R. Crim. P. 35(b) to reduce his sentence based on his assistance to law enforcement. He claimed that the Government had acted in bad faith and that it had infringed his constitutional rights, i.e., by discriminating against him on account of his skin color, in refusing to file a substantial assistance motion in exchange for his cooperation in the prosecution of Eddie Ash. The court denied his motion, finding that Green "alleged no basis for attributing to the government either an unconstitutional motive or bad faith" in its refusal to file the requested motion. Green now appeals the court's ruling.

2

In his brief to us, Green argues that the Government failed to file a motion to reduce his sentence because he is a darker-skinned African American than his codefendant who received a reduction in his sentence pursuant to U.S.S.G. § 5K1.1. He says, moreover, that the Government acted in bad faith because Green provided substantial assistance to the Government by testifying at a trial in a murder case.

Rule 35(b)(2) provides that, after a sentence has been imposed, upon motion of the government made more than one year after sentencing, a district court may reduce a defendant's sentence based on substantial assistance if the defendant's substantial assistance involved information not known by the defendant, not useful to the government, or the usefulness of which was not reasonably anticipated by the defendant, until more than one year after sentencing. Fed. R. Crim. P. 35(b)(2). The government has "a power, not a duty, to file a motion when a defendant has substantially assisted." United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 2005), cert. denied, 126 S.Ct. 1116 (2006) 1500 (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)) (U.S.S.G. § 5K1.1 substantial assistance context). We limit our "review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive." United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000). A defendant who

merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to discovery or an evidentiary hearing. Wade, 504 U.S. at 186, 112 S. Ct. at 1844. Thus, judicial review is generally appropriate only when "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." Forney, 9 F.3d at 1502. In the absence of a "substantial threshold showing" that the refusal to file a substantial assistance motion was based upon an unconstitutional motive, such as race or religion, a defendant has no right to discovery or an evidentiary hearing on this issue. Wade, 504 U.S. at 186, 112 S.Ct. at 1844.

In this case, the district court committed no error in denying Green's motion to compel the Government to file a Rule 35(b) motion because Green failed to make a substantial showing that the Government's refusal to do so was based on an unconstitutional motive. Green offered no evidence in support of his conclusory allegation that he was treated differently than his codefendant based on the color of his skin. Further, Green's claim that the Government acted in bad faith is insufficient to justify judicial review. Finally, Green was not entitled to an evidentiary hearing because he failed to make a substantial threshold showing that

the Government's refusal to file a Rule 35(b) motion was based on a constitutionally impermissible motive.

**AFFIRMED.**