**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4720**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY LEE FELDER, a/k/a Cool Daddy,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-03-283)

Submitted: July 19, 2006       Decided: September 11, 2006

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., Florence, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Johnny Lee Felder pled guilty to one count of armed robbery and one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 2, 922(g)(1), 924(e), 1951(a) (2000), pursuant to a written plea agreement. Felder was sentenced to a total term of imprisonment of 480 months. Felder has appealed, raising several issues related to his sentence. We affirm.

Felder first contends the district court erred in denying his motion for specific performance of the plea agreement, by which he sought to compel the Government to request a downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2002). The decision to file a § 5K1.1 motion is solely within the Government's discretion. United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Therefore, unless the Government has obligated itself in a plea agreement to file a substantial assistance motion, its refusal to do so is not reviewable unless based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992).

The plea agreement provided that the Government would file a § 5K1.1 motion if Felder "cooperate[d] pursuant to the provisions of [the] Plea Agreement, and that cooperation [was] deemed by Attorneys for the Government as providing substantial assistance . . . ." Under the agreement, Felder was required "to be fully truthful and forthright" with the Government regarding his knowledge of, among other crimes, armed robberies and homicides.

- 2 -

To test his truthfulness, Felder agreed to not only submit to polygraph examinations but also to pass them "to the Government's satisfaction."  If he failed to pass a polygraph examination, the Government reserved the right to declare its obligations under the plea agreement "null and void."  Felder failed a polygraph examination regarding information provided about a case of interest, and the Government refused to file a § 5K1.1 motion.

Felder argues the polygraph provision was unconscionable as a matter of law and therefore evidences the Government's unconstitutional motive for refusing to file a § 5K1.1 motion.  The Government, however, asserts it did not file a § 5K1.1 motion because Felder failed to substantially assist in its investigation of the only case of interest, namely a grocery store armed robbery and murder.  Because the Government retained its discretion to file a § 5K1.1 motion, and Felder has failed to establish that the Government's refusal to file was based on an unconstitutional motive, we conclude the district court did not err in denying Felder's motion for specific performance of the plea agreement.

Next, Felder contends the district court erred in denying his motion to require a higher burden of proof at sentencing. Felder asserts he should have been sentenced only on those facts admitted to or proven beyond a reasonable doubt.  However, after United States v. Booker, 543 U.S. 220 (2005), sentencing courts are still required to calculate and consider the guideline range

prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Further, we have previously noted that sentencing factors should continue to be evaluated based on the preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). As Felder's sentence was imposed post-Booker, the district court's use of a preponderance of the evidence standard was proper.

Felder also contends the district court's application of the murder cross-reference was improper in light of the inconsistent testimony presented during the sentencing hearing. When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). After reviewing the materials on appeal, including the district court's lengthy summation of the evidence and analysis, we find no error in the district court's application of the murder cross-reference.

Finally, Felder contends the district court erred by failing to rule on disputed matters in the revised presentence report as required by Fed. R. Crim. P. 32(i)(3)(B). However, in denying Felder's motion to strike the revised presentence report, the court repeatedly stated that it would base its decision on the testimony and evidence presented during the sentencing hearing

rather than on the summaries presented in the presentence report. Further, the court made clear that any information included in the report, but not presented during the sentencing hearing, would be given "very limited weight." Therefore, we conclude the district court complied with Rule 32.

Accordingly, we affirm Felder's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED