[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16340
Non-Argument Calendar

_____

D. C. Docket No. 92-00104-CR-ORL-19-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRK WHITTAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 25, 2007)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Kirk Whittaker, a federal prisoner proceeding *pro se*, appeals the

district court's order denying his motion to compel the government to file a Fed. R. Crim. P. 35(b) substantial-assistance motion for a reduction in sentence.

Whittaker argues on appeal that the government promised to file a substantial-assistance motion and that the prosecuting attorney found his cooperation to constitute substantial assistance, but that no motion was filed.

Whether the government can be compelled to file a substantial assistance motion is a question of law that we review *de novo*. *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993).

Federal Rule of Criminal Procedure 35(b) provides that, after a sentence has been imposed, a district court may, upon motion of the government, reduce a defendant's sentence based on the defendant's substantial assistance in investigating or prosecuting another person. The government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Forney*, 9 F.3d at 1500 (U.S.S.G. § 5K1.1 substantial assistance context). We limit our "review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive." *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000). A defendant who merely claims to have provided substantial assistance, or who makes only generalized allegations of improper motive, is not entitled to a remedy or even to discovery or an evidentiary hearing. *Wade v. United States*, 504

2

U.S. 181, 186, 112 S. Ct. 1840, 1844, 118 L. Ed. 2d 524 (1992). Thus, judicial review is generally appropriate only when "there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Forney*, 9 F.3d at 1502.

After careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error. Whittaker's brief contains unsupported allegations that the government "discriminated" against him, was "dishonest," and acted in "bad faith." However, Whittaker has failed to offer substantial evidence indicating that the government's decision was based on any impermissible ground, such as race, religion, or the desire to prevent his exercise of constitutional rights. The district court was therefore without authority to review the government's exercise of prosecutorial discretion, and correctly denied Whittaker's motion to compel.

**AFFIRMED.**