NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 16, 2008*
Decided May 22, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| **No**. 07-3985 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 98 CR 20042 Michael P. McCuskey, *Chief Judge*. |
| KEITH A. HALLIBURTON, *Defendant-Appellant*. | |

**Order**

Approximately eight years after we affirmed his conviction and sentence on direct appeal, Keith Halliburton filed in the district court a motion asking the judge to compel the United States Attorney to file a motion for sentence reduction under Fed. R. Crim. P. 35(b). The district judge denied this motion summarily, and Halliburton has

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

appealed.

The motion is untimely. Rule 35(b)(1) allows the United States to propose a lower sentence only within the first year after a sentence has been imposed. There is an exception, see Rule 35(b)(2), for information that the defendant did not learn (or whose value could not be assessed) until the year had passed. Halliburton does not contend that his situation fits this exception. Instead he maintains that the United States promised to file a motion and did not carry through. Any shortcoming on that subject could have been raised long ago.

What is more, *Wade v. United States*, 504 U.S. 181 (1992), holds that a district court does not have authority to upset the prosecutor's decision not to file a Rule 35(b) motion unless the defendant first makes a prima facie showing that the prosecutor acted for an unconstitutional reason. See also *In re United States*, 503 F.3d 638 (7th Cir. 2007). Halliburton has not tried to show this. Instead he believes that the prosecutor must provide the district judge with a good reason *not* to file a motion. That contention is incompatible with *Wade*.

AFFIRMED