**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4935**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLIVER ALFONSO SAENZ-TORRES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (1:07-cr-00050-AMD-1)

Submitted: June 26, 2008               Decided: June 30, 2008

Before KING and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Harry D. McKnett, Columbia, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Kwame J. Manley, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oliver Alfonso Saenz-Torres pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court sentenced Saenz-Torres to the statutory mandatory minimum sentence of 120 months' imprisonment, to be followed by five years of supervised release. Saenz-Torres' sole challenge on appeal is to the district court's refusal to grant his request for a hearing on the Government's decision not to make a motion under U.S. Sentencing Guidelines Manual § 5K1.1 (2007).

The explicit terms of the plea agreement at issue unambiguously provide that the Government had sole discretion to determine whether Saenz-Torres provided substantial assistance to the Government thereby warranting a motion under § 5K1.1.[*] At the sentencing hearing, the Government described to the court multiple instances in which Saenz-Torres had been untruthful and had failed to disclose information he possessed to law enforcement, thereby frustrating the Government's continuing investigation of the drug conspiracy to which Saenz-Torres had pled guilty. The Government

---

[*]Saenz-Torres' assertion that paragraphs 18 and 19 of the agreement require a hearing on the issue of substantial assistance is without merit, as those provisions of the plea agreement clearly relate to remedies for breach of the agreement and are not applicable to the Government's discretionary decision of whether to make a motion pursuant to § 5K1.1.

stated that because of Saenz-Torres' lack of credibility, it would be unable to use Saenz-Torres as a witness, and declined to make a substantial assistance motion on behalf of Saenz-Torres.

We find no error in the district court's denial of Saenz-Torres' request for a hearing to determine whether the Government had proved a breach by Saenz-Torres of his obligations under the plea agreement. Given that the Government retained sole discretion regarding whether it would make a substantial assistance motion, and there was no indication that the Government had acted in bad faith or with unconstitutional motive in its decision to refuse to make the § 5K1.1 motion, Saenz-Torres was not entitled to a hearing. See Wade v. United States, 504 U.S. 181, 186 (1992).

Accordingly, we affirm Saenz-Torres' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED