[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2009
THOMAS K. KAHN
CLERK

No. 08-14535
Non-Argument Calendar

_____

D. C. Docket No. 04-00006-CR-1-MMP-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN DUNLAP,
a.k.a. Superintendent Duke,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 13, 2009)

Before CARNES, PRYOR  and FAY, Circuit Judges.

PER CURIAM:

Stephen Dunlap, through counsel, appeals the district court's denial of his pro se motion to compel the government to comply with the terms of its plea and cooperation agreement by submitting a Fed.R.Crim.P. 35(b) substantial assistance motion. For the reasons set forth below, we affirm.

**I.**

A federal grand jury returned an indictment charging Dunlap and 5 codefendants with conspiracy to possess with intent to manufacture and distribute more than 5 kilograms of cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and (iii), and 846. Dunlap pled guilty pursuant to a written plea and cooperation agreement. Per this agreement, Dunlap would cooperate with the government through debriefings and trial testimony, and the government had the "sole discretion" to submit a U.S.S.G. § 5K1.1 or Fed.R.Crim.P. 35(b) motion based on this assistance. Before sentencing, the government submitted a § 5K1.1 motion. The government specified, "The government files this motion on [Dunlap's] behalf based upon [his] agreement to continue his cooperation and testify against current [codefendants] in the instant case and other individuals who he has identified and may be prosecuted as this investigation continues," and warned, "Such testimony will not qualify as a basis for a future reduction of sentence under [Rule] 35," and "No additional

2

motion for substantial assistance shall be filed by the government based upon the cooperation referred to above." At sentencing, the district court noted that Dunlap's guideline imprisonment range was 360 months' to life, but took into account the § 5K1.1 motion and sentenced Dunlap to 150 months' imprisonment.

Dunlap filed the instant pro se motion to compel the government to perform its promises under the plea and cooperation agreement. Dunlap asserted that, post-sentencing, he had provided information and testimony that helped to secure the conviction of Charles Wright, a co-conspirator who had been separately indicted, but that the government refused to submit a Rule 35(b) motion based on this assistance. The government responded that it had not promised that it would submit a Rule 35(b) motion if Dunlap testified against Wright, and that Dunlap's assistance regarding Wright was covered by the § 5K1.1. motion.

At an evidentiary hearing, Andrew Gillis, an agent with the Drug Enforcement Agency assigned to Dunlap's case, testified that the "other individuals" to which the § 5K1.1 motion referred included Wright. When Dunlap and his codefendants were indicted, the government knew of Wright's activities and that he was involved in the same conspiracy as Dunlap, but chose not to include him on the same indictment for management purposes. Instead, the government indicted Wright at some point after Dunlap was sentenced. Agent

3

Gillis testified that, during post-sentencing interviews, Dunlap provided information, and agreed to testify, against Wright. Dunlap raised the issue of the government filing a Rule 35(b) motion "many times." However, neither Agent Gillis nor the government counsel ever told Dunlap that the government would do so in connection with his assistance regarding Wright. Rather, on these occasions, Gillis told Dunlap that their conversations still concerned the same conspiracy and that, should Dunlap provide information on a "new case," Gillis would notify government counsel.

The district court denied the motion to compel. The district court reasoned that Dunlap had neither alleged nor made a substantial showing that the government refused to submit a Rule 35(b) motion because of an unconstitutional motive. The district court reasoned that, rather, the government declined to submit a Rule 35(b) motion based on his assistance regarding Wright because it already had submitted a § 5K1.1 motion that covered this assistance.

## II.

We review <u>de novo</u> a district court's decision that it lacks authority to reduce a sentence under Rule 35(b). <u>United States v. Orozco</u>, 160 F.3d 1309, 1312-13 (11th Cir.1998). Pursuant to Rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant,

4

after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed.R.Crim.P. 35(b)(1). The Supreme Court has held that this statute gives the government "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992) (considering motions filed pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1). Indeed, the Supreme Court held that the government's discretion is such that federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion. Id. at 185-86, 112 S.Ct. at 1843-44. We have held that arguments that the government had reasons other than the defendant's provision of substantial assistance do not satisfy the Supreme Court's unconstitutional-motive standard. See United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000). In Nealy, the government conceded that the defendant had provided substantial assistance by testifying against his supplier. Id. Five days after the defendant had provided this testimony, however, he was arrested for again possessing crack cocaine with intent to distribute. Id. For that reason, the government declined to file the substantial assistance motion. Id. The defendant argued that the government could not refuse to file the motion for

5

"reasons other than the nature of [defendant's] substantial assistance." Id. We held that this contention was not supported by the Supreme Court's aforementioned ruling and "[was] contrary to the broad grant of prosecutorial discretion recognized by this [C]ourt." Id.

**III.**

The district court lacked the authority to compel the government to file a Rule 35(b) motion. See Orozco, 160 F.3d at 1312-13. Dunlap has not made a substantial showing that the government refused to do so based on an unconstitutional motive, such as his race or religion. See Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44. Dunlap's conclusory statements to this effect are insufficient, especially as the government's pleadings and Agent Gillis's testimony demonstrate that the government did not file a Rule 35(b) motion based on his assistance regarding Wright because it believed this sentence was covered by the § 5K1.1 motion. See id. Likewise, Dunlap's claim that the government's reason was not related to the type or quality of his assistance and lacked a rational relationship to a government interest does not establish that he merits relief. See Nealy, 232 F.3d at 831. Moreover, to the extent that Dunlap argues that the government breached the terms of its plea agreement, his argument is without merit, as the district court specifically retained "sole discretion" to submit a substantial assistance motion and actually did so. Accordingly, we affirm.

6

**AFFIRMED.**