OPINION
PER CURIAM.
On May 20, 2009, Saad Dawalibi filed this pro se mandamus petition requesting, among other things, that this Court “overturn the decision of the lower court, issue an order against the United States for having violated Petitioner’s victims rights, or grant any other relief that the court finds just and appropriate under 18 U.S.C. 3771(d)(3).” For the reasons that follow, we will deny the petition.
I.
Dawalibi is currently serving a 365-month sentence based on drug convictions in the United States District Court for the Middle District of Tennessee. See United States v. Ahmas, 943 F.2d 53, Nos. 90-5197, 90-5198 (6th Cir. Aug. 29, 1991) (table). According to his mandamus petition, Dawalibi has been incarcerated at various federal prisons since first being indicted on those offenses in 1989. During his time at FCI-Schuylkill in Pennsylvania, Dawalibi worked for prison officials as “an informant for the Special Investigation Supervisor,” assisting with the detection of, and investigation into, crimes and disciplinary infractions by other inmates.
Dawalibi participated in one such investigation concerning a theft, and uncovered “inmate Khabir Ahmad as [the] culprit.” Ahmad was fired from his prison job because of the theft, and he retaliated against Dawalibi by assaulting him shortly thereafter. Dawalibi acted as a witness and prepared a statement for the federal prosecution of Ahmad in the United States District Court for the Middle District of Pennsylvania. Ahmad eventually entered a guilty plea for the assault on Dawalibi.
In the years that followed, Dawalibi wrote the prosecutor and asked him to file a motion to reduce his criminal sentence for the Tennessee conviction pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure,[1] based on Dawalibi’s assistance in the prosecution of Ahmad. When no response was forthcoming, Dawalibi wrote to the United States Attorney’s Office in the Middle District of Tennessee (“the Government”). Dawalibi received a response from the Government stating that it did “not perceive that a sufficient basis exists to support a reduction” of his sentence. Dawalibi implored the Government to reconsider, but it did not change its position.
Dawalibi then filed a petition for a writ of mandamus in the United States District Court for the Middle District of Pennsylvania, seeking an order from that court directing the Government to file a Rule 35(b) motion. The District Court dismissed the mandamus petition pursuant to 28 U.S.C. § 1915A(b)(l), and denied Dawa-libi’s motion for reconsideration. He then filed the instant mandamus petition, purportedly under the Crime Victims’ Rights Act (“CVRA”). Therein he argues that by not filing a Rule 35(b) motion, the Government “has flatly violated his right ‘to be treated with fairness’ under 18 U.S.C. *114 3771(a)(8).” Dawalibi also filed a “motion to seal,” requesting that his name be stricken from “all official public documents related to [this] case ... in order to protect his privacy right under the CVRA.”
II.
Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a “clear and indisputable” right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996). At issue here is whether Dawalibi may compel the Government to act pursuant to Rule 35(b). He may not.
Where no cooperation agreement exists between the parties, as is the case here, the government’s refusal to file a Rule 35(b) motion is not reviewable, unless that refusal is either “based on an unconstitutional motive” or “not rationally related to any legitimate Government end.” Wade v. United States, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); see also United States v. Friedland, 83 F.3d 1531, 1536 (3d Cir.1996). “[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even discovery or an evidentia-ry hearing.” Wade, 504 U.S. at 186, 112 S.Ct. 1840. Rather, the movant must make a “substantial threshold showing” of impropriety in the Government’s refusal to seek a sentence reduction. Id. at 185, 112 S.Ct. 1840.
While Dawalibi perceives the Government’s refusing to file a Rule 35(b) motion to be unfair, that is not enough under Wade; he has failed to demonstrate that its reasons for not doing so are either unconstitutional or arbitrary.[2] This conclusion is further supported by the correspondence that he solicited from Assistant United States Attorney Hester and that Dawalibi attached to his filing in this Court. Thus, it cannot be said that Dawa-libi has a “clear and indisputable” right to mandamus relief. Madden, 102 F.3d at 79.
Accordingly, we will deny Dawalibi’s mandamus petition. Dawalibi’s motion to seal is denied.

. Rule 35(b) provides for the reduction of a defendant's criminal sentence if the defendant provides "substantial assistance in investigating or prosecuting another person."

. Dawalibi’s invocation of the CVRA to demonstrate the arbitrary nature of the Government’s actions is unavailing. He has not been denied any right under 18 U.S.C. § 3771(a) which could form the basis for a mandamus petition to this Court. In particular, the Government's refusal to file a Rule 35(b) motion as a reward for Dawalibi’s cooperation in the prosecution of his assailant in no way amounts to a violation of his "right to be treated with fairness and with respect for the victim’s dignity and privacy.” 18 U.S.C. § 3771(a)(8). Nor does that refusal relate to the crime of which he was a victim or to Dawalibi's status as victim in general. Simply put, the CVRA, including its provision of expedited mandamus review, see 18 U.S.C. § 3771(d)(3), does not apply. As such, Dawalibi is not entitled to relief on his "motion to seal.” Moreover, even if the CVRA applied, its enforcement provision appears to prohibit the relief Dawalibi is seeking. See 18 U.S.C. § 3771(d)(6) ("[n]othing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction”).