# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

Lyle W. Cayce
Clerk

No. 09-50456
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO LOPEZ-CASTILLO,
Also Known as Pedro Castillo Lopez, Also Known as Pedro Castillo-Lopez,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-270-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pedro Lopez-Castillo appeals the sentence imposed following his guilty-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea conviction.  For the first time on appeal, he contends that the district court erred in not awarding him a U.S.S.G. § 5C1.2 safety-valve reduction and in failing to impose a sentence below the statutory minimum.  As the government contends, however, the appeal is barred by the waiver-of-appeal provision in the plea agreement, which was knowing, voluntary, and enforceable.  *See United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994); FED. R. CRIM. P. 11(b)(1)(N).

Lopez-Castillo nonetheless argues that the appellate-waiver provision is unenforceable, because the government breached the plea agreement by not requesting a safety-valve reduction.  That argument fails, because the government was under no obligation to request such reduction and because Lopez-Castillo did not qualify for it.  Likewise, his assertion that the government breached the terms of the agreement by not filing a motion for reduction of sentence under Federal Rule of Criminal Procedure 35 is unavailing, because the government did not bargain away its discretion to file for a sentencing reduction, and the agreement did not otherwise obligate the government to file such a motion.  *See Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995).  Finally, Lopez-Castillo's alternative argument––that the waiver, even if enforceable, does not apply, because his claim involves an allegation of prosecutorial misconduct that is excluded under the waiver––is without merit.

AFFIRMED.