[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16365
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00280-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLAN RAY STEPHENS,
a.k.a. Anthony Rembrant,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 20, 2010)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Allan Ray Stevens, an alien, appeals his 24-month sentence following a

bench trial in which the district court found him guilty of illegally re-entering the

United States after having been deported subsequent to a conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) and of illegally entering the United States in violation of 8 U.S.C. §§ 1325(a)(1) and 1329. He contends that the district court erred by concluding that it lacked authority to order the government to file an acceptance of responsibility motion to adjust his offense level pursuant to U.S.S.G. § 3E1.1(b) absent a substantial showing of an unconstitutional motivation.

We review the denial of an acceptance of responsibility reduction for clear error. *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir.), *cert. denied*, 130 S.Ct. 192 (2009). The defendant bears the burden of showing that he is entitled to a reduction for acceptance of responsibility and must present more than a guilty plea. *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).

Under U.S.S.G. § 3E1.1(b), a defendant who "clearly demonstrates acceptance of responsibility for his offense," *see* U.S.S.G. § 3E1.1(a), is entitled to an additional one-level reduction in his offense level if, among other conditions, the government makes a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial." U.S.S.G. § 3E1.1(b). The commentary

to this section explains the rationale for requiring the government to file a motion: "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." U.S.S.G. § 3E1.1 comment. (n. 6). We have rejected a defendant's claim for an additional one-level reduction where there was no government motion filed in support of such reduction. *United States v. Wade*, 458 F.3d 1273, 1282 (11th Cir. 2006).

We have not yet decided under what circumstances we may review the government's decision not to file a § 3E1.1(b) motion. However, in the related context of government motions under U.S.S.G. § 5K1.1 for the substantial assistance the defendant provided, we may review the government's decision not to file such a motion only for unconstitutional motive. *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (citing *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)).

The Supreme Court in *Wade* concluded that under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade*, 504 U.S. at 185, 112 S.Ct. at 1843. Nevertheless, the Court concluded "that a prosecutor's discretion when exercising

3

that power is subject to constitutional limitations that district courts can enforce," and held "that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Id.* at 185-86, 112 S.Ct. at 1843-44. "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive. Indeed, . . . a defendant has no right to discovery or an evidentiary hearing unless he makes a substantial threshold showing." *Id.* at 186, 112 S.Ct. at 1844 (quotation and citations omitted).

Because the government did not file a § 3E1.1(b) motion, which under the plain language of the guideline is a prerequisite for an additional reduction, the district court did not err in concluding that it was without authority to grant the additional reduction. *See Wade*, 458 F.3d at 1282. Even assuming *arguendo* that the review framework for a § 5K1.1 motion applies in the § 3E1.1(b) context, Stephens presented no evidence showing that the type of unconstitutional motive contemplated by *Wade* was involved here. Rather, the government stated at sentencing that it exercised its prerogative not to file a § 3E1.1(b) motion for the legitimate reason that, even though Stephens had stipulated to the facts necessary

4

to find him guilty, it still had to prepare for the possibility of a jury trial.  Because he made no showing of improper motive, the district court did not err by concluding that it was without authority to order the government to file a § 3E1.1(b) motion or to grant him an additional reduction for acceptance of responsibility.

AFFIRMED.