**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4444**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

RICHARD DWIGHT ALSTON, a/k/a QB,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:20-cr-00005-M-1)

Submitted:  April 27, 2021                       Decided:  April 30, 2021

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.   Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Alston pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 2, 1956(a)(1)(B)(ii), (h).  The district court sentenced him to 168 months of imprisonment, the low end of the applicable Sentencing Guidelines range.  On appeal, Alston argues that the Government breached the plea agreement by declining to move for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2018), and that trial counsel provided ineffective assistance by failing to argue for a departure based on Alston's substantial assistance or request a hearing on the Government's rationale for declining to file a substantial assistance motion.  We affirm.

Alston contends that he provided substantial assistance to the Government, warranting a Government motion for a downward departure on his behalf.  Alston's plea agreement stated that the Government would make known to the district court the extent of Alston's cooperation but that the Government did not promise to make a substantial assistance motion on his behalf.  The decision whether to file a motion pursuant to USSG § 5K1.1, p.s., lies solely within the Government's discretion.  *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001).  Thus, unless the Government obligated itself in the plea agreement to make such a motion, its refusal to do so is not reviewable absent evidence of an unconstitutional motive or evidence that the refusal was not rationally related to a permissible government objective.  *Wade v. United States*, 504 U.S. 181, 185-87 (1992); *Butler*, 272 F.3d at 686.  Because nothing in the plea agreement obligated the Government

to make a USSG § 5K1.1, p.s., motion and the record reveals no basis for concluding that the Government's decision was based on an unconstitutional motive or an impermissible government objective, this claim fails.

Turning to Alston's ineffective assistance of counsel claim, such a claim is cognizable on direct appeal only where "an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508. As the Government was not obligated to make a substantial assistance motion and did not rely on any impermissible factors in declining to do so, it is not apparent on the present record that trial counsel was ineffective for failing to request a hearing on the Government's rationale for declining to move for a departure. Moreover, Alston's trial counsel successfully argued for a sentence at the bottom of the Guidelines range due to Alston's cooperation. We therefore conclude that Alston's ineffective assistance of counsel claim is not cognizable on direct appeal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3